272 So.2d 837 (1973)
H. Jefferson MILLS, Jr. and Valerie B. Mills, His Wife, Appellants,
v.
ROBERT W. GOTTFRIED, INC., a Florida Corporation, Appellee.
No. 72-102.
District Court of Appeal of Florida, Fourth District.
February 12, 1973.
*838 James S. Robinson, of Sullivan & Robinson, West Palm Beach, and Alley, Maass, Rogers, Lindsay & Chauncey, Palm Beach, for appellants.
Elwyn L. Middleton, of Burns, Middleton, Farrell & Faust, Palm Beach, for appellee.
REED, Chief Judge.
This is an interlocutory appeal from an order of the Circuit Court for Palm Beach County, Florida, in a suit to foreclose a statutory mechanic's lien.
The plaintiff, Robert W. Gottfried, Inc., alleged in its complaint that it fully performed a written contract with the defendants under which it was required to construct a home for the defendants on real property in Palm Beach County, Florida. The complaint averred that final payment was due the plaintiff in the amount of $37,478.26. The relief sought was an adjudication of the amount due the plaintiff from the defendants, the declaration of a mechanic's lien for that amount, and the foreclosure of the lien in the event payment of the amount found due was not made by a short day.
Instead of answering the complaint, the defendants filed a motion to dismiss on the ground that the trial court lacked jurisdiction. The motion asked in the alternative for an order directing the plaintiff to arbitrate its claim. The trial court denied the motion, and the defendants perfected this appeal.
The motion to dismiss on the ground that the trial court lacked jurisdiction was without merit. The complaint  which was taken as admitted at the motion stage of the proceedings  clearly indicates that the plaintiff was seeking to foreclose a statutory mechanic's lien on real property, under Chapter 713, F.S. 1971, F.S.A. Jurisdiction to hear and decide such an action is vested in the circuit court by Article V, subsection 6(3), Florida Constitution of 1885, as amended, and is continued in that court by the newly adopted Article V which became generally effective in January of 1973.
Insofar as the alternative relief sought by the motion, that is, an order for arbitration, a closer question is presented. The contract between the plaintiff and the defendants provided:
"All claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof, ... shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise... ."
These provisions for arbitration are not contrary to the public policy of this state (see Section 682.02, F.S. 1971, F.S.A.) and should be enforced in accordance with the Florida Arbitration Code, Chapter 682, F.S. 1971, F.S.A. However, both the agreement and the Florida Arbitration Code contemplate the submission to arbitration of real controversies  not questions simply of academic interest. When the motion to dismiss was filed in the present case, there was no controversy to submit to arbitration. As noted above, the defendants' answer had not been filed. Hence, all the trial judge had before him was an uncontroverted claim for the payment of a sum certain and a demand for a lien to enforce the payment. The trial judge, therefore, did not err in denying the defendants' alternative motion for arbitration.
To avoid a further appeal in this cause, we take the liberty of expressing the view that if after remand and the filing of defensive pleadings, a controversy between the parties should appear either as to the plaintiff's right to final payment or the amount thereof, an application may be made to the trial court in accordance with Section 682.03(2), F.S. 1971, F.S.A., for an order for arbitration. Normally such an application should be granted. The order *839 for arbitration should stay the judicial proceedings pending a determination of the controversy submitted to arbitration (see Section 682.03(3)). Once the arbitration is completed, the trial court may on motion of either party dissolve the stay order and proceed to confirm, vacate, or modify the award in accordance with Sections 682.12-682.14, F.S. 1971, F.S.A., and to enter a judgment in accordance with Section 682.15, F.S. 1971, F.S.A. Contemporaneously therewith, the court may adjudicate the right of the plaintiff to a mechanic's lien for the purpose of enforcing such judgment as plaintiff may obtain.
The right to a lien may be waived expressly or by implication, but before such an important right is deemed to have been waived by the implication of one's conduct, the implication should be clear and unambiguous. See Section 713.20, F.S. 1971, F.S.A., and cf. Fireman's Fund Insurance Co. v. Vogel, Fla.App. 1967, 195 So.2d 20, 24. The present contract contains, insofar as we can tell, no express waiver of the contractor's right to assert a mechanic's lien. And, in our opinion, the mere execution of the contract containing the above-quoted arbitration provision did not clearly imply an intent to relinquish the contractor's right to the judicial enforcement of a mechanic's lien for amounts found due under the contract. Thus it follows that although the plaintiff may be required to arbitrate the issue of its entitlement to final payment and the amount thereof because of the arbitration agreement, the plaintiff still retains the right to enforce the amount ultimately determined to be due by means of a mechanic's lien, if plaintiff is otherwise entitled to such a lien.
We have not overlooked the two opinions by the Third District Court of Appeal which are pointed out in the appellee's brief, Cruger v. Allstate Insurance Company, Fla.App. 1964, 162 So.2d 690 and Shearson, Hammill & Co. v. Vouis, Fla.App. 1971, 247 So.2d 733. In Cruger v. Allstate Insurance Co., the Third District held that where the sole right of an insured to arbitrate depends on coverage of an insurance policy with respect to losses caused by an uninsured motorist, the insurance company had a right to obtain a declaratory judgment as to coverage and, as an incident to such determination, to have the trial court decide all other issues with regard to the rights and liabilities of the parties  regardless of the contractual provisions in the policy for arbitration as to those rights and liabilities.
In Shearson, Hammill & Co. v. Vouis, supra, the Third District had before it a petition for certiorari to review an order of the trial court that refused to stay a common law tort action. The plaintiff's action was based on allegations of fraud and breach of fiduciary duty by the defendants in connection with certain stock purchases made by the plaintiff on a margin account with the defendant Shearson, Hammill & Co. The defendants moved the trial court for the entry of a stay pending arbitration. The trial court refused to stay the proceedings even though the margin contract between the plaintiff and defendant Shearson, Hammill & Co. provided:
"Any controversy arising out of or relating to my account ... shall be settled by arbitration."
This order was approved on appeal by the District Court on two grounds. The first was that arbitration of the issues of fraud and breach of fiduciary duty was not consistent with the policy and the language of the Florida Securities Law. The second was that the agreement to arbitrate future disputes could not be enforced because it was an attempt to oust the court's jurisdiction.
Respectfully, we decline to apply the rationale of those opinions to the present case because in our view the aforementioned opinions do not give effect to the intention of the legislature as expressed in F.S., Section 682.02, F.S.A. to accord legal recognition to contracts providing for arbitration, where those agreements do not *840 preclude application of the Florida Arbitration Code to the agreement to arbitrate, the arbitration, and the award under such agreement.
For the foregoing reasons, the order on appeal is affirmed and the cause is remanded to the trial court for further proceedings.
WALDEN and OWEN, JJ., concur.