338 So.2d 859 (1976)
COLLIER LAND CORPORATION et al., Appellants,
v.
ROYAL PALM BEACH REALTY, INC., a Florida Corporation, et al., Appellees.
No. 75-1470.
District Court of Appeal of Florida, Third District.
September 28, 1976.
Rehearing Denied November 9, 1976.
Edward S. Jaffry, Tallahassee, for appellants.
Frates, Floyd, Pearson, Stewart, Proenza & Richman and James D. Little and Donald R. Thompson, Pallot, Poppell, Goodman & Slotnick, Miami, for appellees.
*860 Before HENDRY and NATHAN, JJ., and SACK, MARTIN, Associate Judge.
HENDRY, Judge.
Appellants, defendants below, bring this interlocutory appeal from an order compelling arbitration and staying proceedings entered by the trial court pursuant to appellees', plaintiffs below, (except appellee Central Bank and Trust Company who was a defendant below) motion.
Appellees Royal Palm Beach Realty, Inc., and Royal Palm Beach Colony, Inc., (hereinafter referred to as plaintiffs) and appellants on June 29, 1972, entered into a written agreement providing for the sale and development of certain real property located in Santa Rosa County, Florida. The parties acted in accordance with the agreement through August 31, 1974. After this date, appellants by a letter dated September 5, 1974, terminated the agreement. Thereafter, on March 27, 1975, plaintiffs filed a complaint complaining of certain matters relating to the termination of the agreement and sought, among other things, the following relief: an injunction, an accounting, and the appointment of a receiver. Subsequently, plaintiffs filed a motion seeking to compel appellants to submit to compulsory arbitration and requesting that further proceedings in the civil action be stayed pending the outcome of the arbitration. On August 27, 1975, the trial court entered an order granting plaintiffs' motion. From this order, appellants appeal.
Appellants contend that the trial court erred in entering the August 27, 1975, order compelling arbitration and staying further proceedings in the cause because the provision in the contract providing for the arbitration of future disputes between the parties is void and unenforceable and, in the alternative, plaintiffs waived any right to submit the instant dispute to arbitration. Appellees contend to the contrary.
Paragraph 38 of the agreement between the parties contained the following provision:
"38. ARBITRATION: Any disagreement arising out of this Agreement or from the breach of it shall be submitted to arbitration, and this Agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law, and judgment upon the award rendered may be entered in the highest court of the forum, state or federal, having jurisdiction. It is mutually agreed that the decision of the arbitrators shall be a condition precedent to any right of legal action that the parties may have against each other pursuant to this Agreement. The arbitration procedure shall be as follows: The parties may agree upon one arbitrator; otherwise there shall be three, one named in writing by the OWNER and one named in writing by the BROKER and/or DEVELOPER within five days after notice of arbitration is served by any party upon the others, and a third arbitrator selected by these two arbitrators within five days thereafter. No one shall serve as an arbitrator who is in any way financially interested in this Agreement or in the affairs of the OWNER, BROKER, or DEVELOPER. At the written request of either party, at any time prior to the complete appointment of arbitrators, as provided above, or in the event of any default or lapse in the proceedings, the arbitration shall be held under the Rules of the American Arbitration Association. The foregoing procedure for arbitration shall likewise be available to BROKER AND DEVELOPER if OWNER alleges any default under this Agreement."
A reading of Paragraph 38 of the agreement, in light of Section 682.02, Florida Statutes (1975) (Florida Arbitration Code) and the facts of this case, leads us to the conclusion that the trial court properly granted plaintiffs' motion compelling arbitration between the parties and staying further proceedings in the cause in the trial court. See Gersh v. Concept House, 291 So.2d 258 (Fla.3d DCA 1974); Merkle v. Rice Construction Company, 271 So.2d 220 (Fla.2nd DCA 1973); and Mills v. Robert W. Gottfried, Inc., 272 So.2d 837 (Fla.4th DCA 1973).
*861 We have considered the record, all points in the briefs and arguments of counsel in light of the controlling principles of law and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the order compelling arbitration and staying proceedings appealed is affirmed.
Affirmed.