339 So.2d 689 (1976)
BEACH RESORTS INTERNATIONAL, INC., Appellant,
v.
CLARMAC MARINE CONSTRUCTION COMPANY, Appellee.
No. 75-1381.
District Court of Appeal of Florida, Second District.
November 19, 1976.
Adrian S. Bacon, Bacon & Hanley, St. Petersburg, for appellant.
William C. Ballard, Baynard, Lang & Ballard, St. Petersburg, for appellee.
HOBSON, Acting Chief Judge.
This is an appeal from a final judgment entered in favor of the plaintiff/appellee in a proceeding initiated as an action to foreclose a statutory mechanic's lien. Beach Resorts, defendant and appellant herein, specifically assails that portion of the final judgment awarding the plaintiff, Clarmac, attorney fees pursuant to the mechanic's lien statute, Section 713.29, Florida Statutes (1975). We agree and reverse.
In January 1974, Clarmac, the contractor, had completed a ramp and overpass built under a direct contract with the property owner, Beach Resorts. The contract included *690 the American Institute of Architects' general conditions which incorporated an arbitration clause. A dispute arose when Beach Resorts refused to pay the contract balance of $16,046.10, claiming defective performance. Clarmac filed a claim of lien against Beach Resorts and Beach Resorts transferred the lien to security deposit with the clerk of the court. Clarmac filed its action against Beach Resorts to foreclose its lien transferred to security. Beach Resorts answered, and raised as an affirmative defense the mandatory requirement in the contract for arbitration. Beach Resorts also counterclaimed for $50,000 for various damages arising out of Clarmac's performance of the contract.
Beach Resorts also filed an application for order directing parties to proceed with arbitration. The trial court did not enter an order on the application, but Clarmac voluntarily proceeded to arbitration and in its demand claimed $16,046.10 plus interest. The arbitration was held and the arbitrator awarded Clarmac the sum of $10,682.60, with the parties bearing the administrative fees and expenses equally. Later the arbitrator ordered Clarmac to pay Beach Resorts $242.50 for that portion of the fees previously advanced by Beach Resorts to the Arbitration Association.
On February 5, 1975, Clarmac filed a motion for award of attorney fees and for entry of judgment upon arbitration award and at the same time noticed the motion for hearing before the court on March 3, 1975. In support of its motion, Clarmac submitted the affidavit of an attorney, John C. Dew, who stated that in his opinion a reasonable fee for all work done by Clarmac's attorney, including the arbitration proceedings, would be $3,500. At the hearing on March 3 Beach Resorts delivered a cashier's check to Clarmac in the amount of the award, and filed a notice of payment of arbitrator's award and motion whereby the court was notified that Beach Resorts had paid the award in full and the court was requested to declare the claim of lien void and deny Clarmac's motion for attorney fees. Clarmac refused to accept the tendered check as payment in full of all Beach Resort's obligations and the court took the matter under advisement, requesting memorandums on the subject.
On March 18, Clarmac accepted the check. On August 26, 1975, the court entered its judgment, including therein the full amount of the arbitration award, and an award of attorney fees in the amount of $2,250 and costs to Clarmac. Thereafter Clarmac filed a partial satisfaction of judgment, recognizing payment of the full amount of the arbitrator's award.
The sole issue for our determination is whether the trial court erred in awarding Clarmac attorney fees in its final judgment confirming the award of the arbitrator. Resolution of this close question necessarily requires an analysis of the Florida Arbitration Code, Sections 682.01 et seq., Florida Statutes (1975) as it relates to the operation of Florida Mechanic's Lien Law, Sections 713.01-713.36, Florida Statutes (1975).
It is clear that the proceedings below were initiated pursuant to the mechanic's lien statute. It is equally apparent that subsequently the parties proceeded to arbitration as required by the contract between them. The fruit of those arbitration proceedings was an award substantially less than that claimed in the lien action initiated by Clarmac. Such arbitration agreements are generally favored by the courts and every reasonable presumption is indulged to uphold the proceedings resulting in an award. Blood v. Shine, 2 Fla. 127 (1848); Knight v. H.S. Equities, Inc., 280 So.2d 456 (Fla. 4th DCA 1973). Nevertheless, procedures do exist for confirming, vacating, or modifying arbitrator's awards. See Sections 682.12, 682.13, and 682.14, Florida Statutes (1975). Provision is also made for the costs of these subsequent court proceedings. Section 682.15, Florida Statutes (1975).
The general rule in Florida is that attorney fees associated with arbitration proceedings are recoverable only by statute or by specific agreement. Codomo v. Emanuel, 91 So.2d 653 (Fla. 1956); Tassinari v. Loyer, 189 So.2d 651 (Fla. 2d DCA 1966); *691 Hartford Accident and Indemnity Co. v. Holton, 190 So.2d 801 (Fla. 1st DCA 1966). In Tassinari we recognized that no statutory authority exists allowing attorney fees in arbitration proceedings. The relevant portion of the Arbitration Code, Section 682.11, Florida Statutes (1975) specifically provides,
"Unless otherwise provided in the agreement or provision for arbitration, the arbitrators' and umpire's expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided for in the award." (emphasis supplied)
In the case sub judice there was no award of attorney fees by the arbitrator nor was there any special agreement between the parties for payment of the same. Therefore, the remaining question is whether some other statute can be invoked to warrant the awarding of attorney fees attributable to the arbitration herein.
Section 713.29 of the Mechanic's Lien Law provides,
"In any action brought to enforce a lien under part I of this chapter, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney, to be determined by the court, which shall be taxed as part of his costs."
Clarmac asserts that this section authorizes the recovery of attorney fees in this situation. We disagree. Resolution of any conflict between the Arbitration Code, which prohibits attorney fees, and the Mechanic's Lien law, which specifically allows such costs, is determined by the nature of the recovery. Emery v. International Glass & Mfg., Inc., 249 So.2d 496 (Fla. 2d DCA 1971). In Emery, involving the construction of Section 713.29, we stated,
"... [A] claimant is not entitled to attorneys' fees under the section before us, notwithstanding that he ultimately prevails in the case, unless the mode and substance of his recovery is as expressly provided for within the lien law itself." 249 So.2d at 500.
We think it was error for the trial judge to declare a lien in favor of Clarmac since the nature of the recovery was pursuant to the arbitration clause and not the mechanic's lien statute. This conclusion is necessary for several reasons. First, the parties were bound by a general arbitration clause,[1] the purpose and effect of which was to resolve, outside of the court, any disputes arising from the contract. Second, the award rendered by the arbitrator disposed of all issues involving contractual differences between the parties. Thus, absent refusal of the defendant to comply with the award, there were no remaining issues arising out of the contract for the trial court to act upon. The sole point left in dispute was Clarmac's motion for attorney fees.[2]
A third and more critical reason for conclusion that Clarmac's recovery was governed by the Arbitration Code, and not the Mechanic's Lien Law, is the interpretation given the relationship of these two statutes in Mills v. Robert W. Gottfried, Inc., 272 So.2d 837 *692 (Fla. 4th DCA 1973). The Fourth District Court of Appeal stated,
"... The order for arbitration should stay the judicial proceedings pending a determination ... Once the arbitration is completed, the trial court may on motion of either party dissolve the stay order and proceed to confirm, vacate, or modify the award in accordance with Sections 682.12-682.14, F.S. 1971, F.S.A., and to enter a judgment in accordance with Section 682.15, F.S. 1971, F.S.A. Contemporaneously therewith, the court may adjudicate the right of the plaintiff to a mechanic's lien for the purpose of enforcing such judgment as plaintiff may obtain." 272 So.2d at 838-839.
The plain meaning of this language is that the mechanic's lien statute, in cases initiated as lien foreclosures but submitted to mandatory arbitration, is not operative unless the judgment entered confirming, vacating or modifying the arbitration award must be enforced in favor of the plaintiff. This view is strengthened further by the statement in Mills that, "... [T]he plaintiff still retains the amount ultimately determined to be due by means of a mechanic's lien, if plaintiff is otherwise entitled to such a lien." (emphasis supplied)
Here there was no recalcitrance on the part of Beach Resorts to submit payment of the arbitration award to Clarmac. For that reason no enforcement was needed and the application of a mechanic's lien was unnecessary. Mills, supra. In fact, Clarmac accepted payment in the amount of the award, specifically reserving its claim to attorney fees. Payment of the arbitration award and acceptance of the same constituted settlement of the real controversy between the parties. Therefore, the mode and substance of Clarmac's recovery was defined by the Arbitration Code and not the Mechanic's Lien Law. Emery, supra.
This construction should not be deemed as an attempt to oust the trial court of its jurisdiction over the lien foreclosure. Instead, the operation of both the Arbitration Code and the Mechanic's Lien Law is interdependent and compatible. There was no reason to impose a mechanic's lien, as Beach Resorts was at all times ready and willing to comply with the decision of the arbitrator and the order of the trial judge in confirming the same. In the absence of a refusal to abide by the trial court's judgment,[3] it was error to impose a mechanic's lien and award of attorney fees attributable to the arbitration previously conducted.
A question remains as to whether any costs, excluding attorney fees, should have been awarded pursuant to Section 682.15 of the Arbitration Code.[4] On remand the trial court should determine what, if any, costs were incurred by Clarmac in seeking confirmation of this arbitration award and the proceedings subsequent thereto.
REVERSED and REMANDED for further proceedings consistent with this opinion.
BOARDMAN, J., concurs.
SCHEB, J., dissents with opinion.
SCHEB, Judge (dissenting).
The majority concludes that Clarmac was entitled to enforce its claim of lien through foreclosure proceedings. I agree. I think Clarmac was therefore entitled to an award of attorney's fees under Section 713.29, Florida Statutes, since it prevailed in that proceeding, notwithstanding that it was proper to have the amount of its entitlement determined through arbitration. Unlike Emery, supra, the trial court found *693 that claimant Clarmac had entitlement to a lien. Therefore, I respectfully dissent.
NOTES
[1] The arbitration clause provides,

Sec. 39  Arbitration
Any controversy or claim arising out of or relating to this Contract, or the breach thereof which cannot be resolved by mutual agreement, shall be settled by arbitration in accordance with the Rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof.
[2] This motion, entitled "Motion for Award of Attorneys Fees and for Entry of Judgment upon Arbitration Award," must be considered in part an application for confirmation of the arbitrator's award pursuant to § 682.12, Fla. Stat. (1975). However, that portion of the motion seeking attorneys' fees cannot be considered an application for confirmation since attorney fees are not recoverable. § 682.11, Fla. Stat. (1975). Nor can the request be construed as an application for vacating, modifying, or correcting the award as per §§ 682.13 and 682.14, Fla. Stat. (1975) since these two statutes do not list as grounds for vacation or modification recovery of attorney fees incurred in arbitration. It should be noted, however, that costs associated with the application for either confirmation, vacation and/or modification and the proceedings subsequent thereto may be awarded by the court. § 682.15, Fla. Stat. 1975.
[3] The trial court's final judgment imposing a lien in the specific amount of the arbitrator's award must be construed as a confirmation of the arbitrator's award. This construction follows from Clarmac's motion or application for entry of judgment upon the arbitration award. Had Beach Resorts failed to pay the full amount of the arbitrator's award prior to this judgment or failed to comply with the judgment rendered, then a mechanic's lien could have been imposed to enforce the arbitrator's award as finalized by the trial court's judgment. Mills v. Robert Gottfried, Inc., 272 So.2d 837 (Fla. 4th DCA 1973).
[4] See note 2, supra.