396 So.2d 211 (1981)
GENSTAR SOUTHERN DEVELOPMENT CORPORATION, a Corporation, Appellant,
v.
TROUP BROTHERS, INC., a Corporation, Appellee.
No. 80-1430.
District Court of Appeal of Florida, Third District.
March 10, 1981.
Rehearing Denied April 20, 1981.
*212 Britton, Cohen, Kaufman, Benson & Schantz and Frank J. Sinagra, Fort Lauderdale, for appellant.
Mershon, Sawyer, Johnston, Dunwody & Cole and Paul T. Dee, Miami, for appellee.
Before HENDRY, DANIEL S. PEARSON and FERGUSON, JJ.
DANIEL S. PEARSON, Judge.
The undisputed facts leading to the entry of summary judgment in favor of Troup Brothers, Inc. as recited by the trial court are:
(a) By the letter dated March 15, 1979, of James Nemethy, Land Development Manager of GENSTAR SOUTHERN DEVELOPMENT CORPORATION, to James F. Aylward of Carr-Smith and Associates, Inc., Project Engineer for "The Hammocks" project (attached as Exhibit A to Troup's reply), GENSTAR SOUTHERN DEVELOPMENT CORPORATION referred for the Engineer's decision pursuant to Article 9 of the Contract, the dispute concerning the quality of TROUP BROTHERS, INC., performance under the contractual specifications which is the subject of the action asserted in, and refused payment to TROUP of the final retainage figure pending the Engineer's decision on the various disputes;
(b) By letter dated May 30, 1979, from James F. Aylward to GENSTAR SOUTHERN DEVELOPMENT CORPORATION (Exhibit B to Troup's reply), the Project Engineer rendered his decision on the disputes pursuant to Article 9 of the Contract, and decided that the work had been satisfactorily performed under the Contract and that GENSTAR SOUTHERN DEVELOPMENT CORPORATION should pay to TROUP BROTHERS, INC., the final retainage figure;
(c) That Article 9 of the General Conditions of the Contract which the parties operated under provides that the failure of the aggrieved party to demand arbitration from the Engineer's decision within thirty (30) days makes the Engineer's decision final and binding upon the parties;
(d) That TROUP BROTHERS, INC., was the prevailing party at the first level of arbitration by virtue of the Engineer's decision that it should be paid pursuant to the Contract;
(e) That GENSTAR SOUTHERN DEVELOPMENT CORPORATION failed to demand arbitration of the Project Engineer's decision;
(f) That GENSTAR SOUTHERN DEVELOPMENT CORPORATION failed to make payment to TROUP BROTHERS, INC. as required by the Engineer's decision;
(g) That TROUP BROTHERS, INC., filed a claim of lien in the Official Records Books for Dade County, Florida, pursuant to the Florida Mechanic's Lien Law in order to preserve its right to receive payment of the final retainage figure;
(h) That GENSTAR SOUTHERN DEVELOPMENT CORPORATION initiated the action before this Court by filing a Complaint to Discharge Lien and that in response thereto, TROUP BROTHERS, INC., filed an Answer and Counterclaim seeking, among other things, foreclosure of its lien *213 and the preservation of its right to the payment of $103,668.47.
Upon these facts the trial court determined as a matter of law that Genstar Southern Development Corporation could not assert as a defense to Troup's mechanic's lien foreclosure action that the arbitration provisions of the contract between the parties were waived by Troup's filing of a claim of lien and counterclaiming to foreclose the lien. The consequence of this ruling that the contractual arbitration provisions were not waived was that Genstar's failure to demand arbitration from the project engineer's decision that Genstar owed Troup $103,668.47 made the project engineer's decision binding and Troup's right to this payment uncontestable.
We affirm the judgment of the trial court. Troup's actions under the compulsory provisions of Chapter 713, Florida Statutes (1979), see Goldberger v. United Plumbing & Heating Company, Inc., 358 So.2d 860 (Fla. 4th DCA 1978); Wesley Construction Co. v. Yarnell, 268 So.2d 454 (Fla. 4th DCA 1972), in filing a claim of lien and counterclaiming for foreclosure were acts calculated to secure such debt as might otherwise be determined to be due from Genstar, and, as such, these actions were not inconsistent with Troup's position that the amount of the debt was determinable under the arbitration clause of the contract. Mills v. Robert W. Gottfried, Inc., 272 So.2d 837 (Fla. 4th DCA 1973) (once the arbitration is completed, the trial court may enter judgment thereon and contemporaneously adjudicate the right to a mechanic's lien for the purpose of enforcing such judgment). Cf. Collier Land Corporation v. Royal Palm Beach Realty, Inc., 338 So.2d 859 (Fla. 3d DCA 1976) (institution of action for injunction, accounting and appointment of receiver did not constitute waiver of right to move to compel arbitration); A. Sangivanni and Sons v. F.M. Floryan and Company, 158 Conn. 467, 262 A.2d 159 (1969) (institution of mechanic's lien foreclosure action did not constitute waiver of right to move to compel arbitration).[1] A party may be said to have waived the arbitration provisions of a contract only when such party submits the matter which was to be arbitrated to a court for its resolution. See Ojus Industries, Inc. v. Mann, 221 So.2d 780 (Fla. 3d DCA 1969). That did not occur here. Affirmed.
NOTES
[1] It could be said that Collier and Sangivanni, unlike Troup, evinced their intent to keep the arbitration provisions of the contracts in force by moving to compel arbitration. But in the present case the arbitration provisions of the contract had been invoked by Genstar's action in referring the dispute to the project engineer before Troup filed its claim of lien. It was Genstar, not Troup, which was aggrieved by the project engineer's decision, and it was up to Genstar to keep the arbitration mechanism going or be bound by the engineer's decision. Thus, unlike Collier and Sangivanni, there was no occasion for Troup to move to compel arbitration, and the fact that Troup made no such motion does not make its foreclosure action any less consistent with arbitration than the actions of Collier and Sangivanni.