ANSTEAD, Judge,
dissenting:
I would grant the petition for writ of certiorari and direct the trial court to grant the petitioner’s request that the dispute between petitioner and respondent be arbitrated in compliance with the agreement of the parties. I do not believe that the petitioner’s prior motions to dismiss or subsequent pleading of the arbitration provision as an affirmative defense constituted a waiver of its rights to arbitration. In fact, under this court’s holding in Mills v. Robert W. Gottfried, Inc., 272 So.2d 837 (Fla. 4th DCA 1973), it would be inappropriate to refer the ease to arbitration until after the filing of an answer by the defendant. While I believe referral to arbitration should be sought as soon as possible, and to that extent disagree with the holding in Mills, I do not believe the petitioner’s failure to seek arbitration before filing motions to dismiss constituted a waiver of its right to arbitrate. I also do not agree with the trial court’s conclusion that the petitioner waived its right to arbitrate by filing a counterclaim at the same time the right to arbitration was asserted. Finally, the petitioner’s motion for summary judgment simply sought a summary disposition by the court of the petitioner’s contractual entitlement to arbitration.