438 So.2d 1076 (1983)
WALTER L. KELLER & ASSOCIATES, P.A., Petitioner,
v.
HEALTH MANAGEMENT FOUNDATION, Respondent.
No. 83-2041.
District Court of Appeal of Florida, Second District.
October 19, 1983.
Michael R.N. McDonnell, Naples, for petitioner.
SCHEB, Judge.
Walter L. Keller and Associates, P.A. (Keller), seeks a writ of certiorari to set aside the trial court's order staying proceedings pending arbitration and requiring the trial court to determine whether there is in fact a controversy to submit to arbitration. We decline to issue the writ.
J.L.I. de Bruyn filed a complaint to foreclose a mortgage against Keller, Health Management Foundation, and another defendant. Keller, an architectural firm, cross-claimed against Health Management and the other defendant. The cross-claim alleged that Keller had entered into a contract with Health Management for architectural services. Keller alleged that its work to date had a total value of $328,263.68, but that Health Management had refused to pay the balance due. Keller also noted that it had filed a claim of lien for this amount against Health Management under Florida's Mechanic's Lien Law.
Health Management then filed a motion to dismiss the cross-claim or alternatively to stay all proceedings pending arbitration. In support of its motion, Health Management attached its contract with Keller which provided that "[a]ll claims, disputes and other matters in question between the parties ... shall be decided by arbitration." Keller then sought an order staying arbitration on the grounds that the parties had not agreed to arbitration as to the subject matter of the cross-claim.
After a hearing the trial court granted a stay of the proceedings on the cross-claim and ordered that the issues of the cross-claim should proceed to arbitration.
In its petition for writ of certiorari, Keller relies solely on Mills v. Robert W. Gottfried, Inc., 272 So.2d 837 (Fla. 4th DCA 1973), as being directly on point with its contentions. In Mills the Fourth District dealt with a nearly identical arbitration clause to the one here. When the motion to dismiss was filed in Mills, our sister court held there was no controversy to submit to arbitration since the defendants had not yet filed an answer to the complaint. Thus, the court concluded that all the trial judge had before him was an uncontroverted claim for payment and a demand for a lien to enforce the payment. The court then affirmed the trial judge's denial of the defendant's motion for arbitration.
Although the facts in Mills are nearly identical with this case, we cannot agree with the Fourth District's holding that *1077 there is no controversy to submit to arbitration until after defensive pleadings are filed. This court has on several occasions compelled arbitration where a motion to dismiss was filed instead of any defensive pleadings. See Balboa Insurance Co. v. W.G. Mills, Inc., 403 So.2d 1149 (Fla. 2d DCA 1981); Sun Insurance Office, Ltd. v. Phillips, 230 So.2d 17 (Fla. 2d DCA 1970). In fact, in Balboa Insurance we even pointed out that a party could waive its right to arbitration if it actively participated in the lawsuit.
The Florida Arbitration Code, section 682.03(1), Florida Statutes (1981), specifically provides:

A party to an agreement or provision for arbitration subject to this law claiming the neglect or refusal of another party thereto to comply therewith may make application to the court for an order directing the parties to proceed with arbitration in accordance with the terms thereof. If the court is satisfied that no substantial issue exists as to the making of the agreement or provision, it shall grant the application. If the court shall find that a substantial issue is raised as to the making of the agreement or provision, it shall summarily hear and determine the issue and, according to its determination, shall grant or deny the application.
(Emphasis supplied.) We note that Keller's cross-claim does not challenge the validity of the contract or the provision for arbitration, but instead, in full recognition of the contract, seeks damages for its breach. Since no substantial issue existed as to the making of the agreement or provision, the trial court was obligated to send the matter to arbitration regardless of "the justiciable character of the controversy." § 682.02, Fla. Stat. (1981); Post Tensioned Engineering Corp. v. Fairways Plaza Associates, 412 So.2d 871 (Fla. 3d DCA), review denied, 419 So.2d 1197 (Fla. 1982).
Accordingly, we conclude that this matter involved an arbitrable issue, and the trial judge did not depart from the essential requirements of law by ordering the parties to proceed to arbitration.
CERTIORARI DENIED.
GRIMES, A.C.J., and SCHOONOVER, J., concur.