474 So.2d 868 (1985)
LARRY KENT HOMES, INC., a Florida Corporation, and L. Kent Land Corporation, a Florida Corporation, Petitioners,
v.
EMPIRE OF AMERICA FSA, a Corporation, Harold A. Anderton and Joanne Anderton, Husband and Wife, Respondents.
No. 84-1829.
District Court of Appeal of Florida, Fifth District.
August 15, 1985.
Rehearing Denied August 29, 1985.
*869 Howard Hadley, Deltona, and Geoffrey B. Dobson of Meredith, Dobson, Ready & Reynolds, St. Augustine, for petitioners.
Mark A. Zimmerman of James Zimmerman, Paul & Clayton, Deland, for respondents.
FRANK D. UPCHURCH, Jr., Judge.
Larry Kent Homes, Inc. and L. Kent Land Corporation (Larry Kent) petition for writ of common law certiorari to review an order denying a motion to compel arbitration and to stay the proceedings below.
The facts in this case are relatively simple. In 1982, Joanne Anderton entered into a contract with Larry Kent for the purchase of a real estate lot and residence. The Andertons then entered into a construction loan agreement with First Federal Savings and Loan Association of Mid-Florida, now Empire of America FSA. According to the Andertons, Empire agreed to insure that the construction was in accordance with the building plans because the Andertons would be out of state during construction.
Sometime later, Empire brought an action for foreclosure against the Andertons. The Andertons filed a counterclaim and third party complaint against Larry Kent, among others. The counterclaim alleged that Joanne Anderton had entered into a construction contract with Larry Kent and that the house which was constructed pursuant to the contract was incorrectly positioned on the lot. The Andertons further alleged that Larry Kent had committed fraud, negligence, had breached the contract and was guilty of deceptive and unfair trade practices. The Andertons sought rescission of the contract and damages.
Larry Kent later moved for an order compelling arbitration and to stay the proceedings based on the following provision in the contract:
CONTRACT DISPUTES: All claims or disputes between Buyer and Seller arising out of this agreement shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association unless parties mutually agree otherwise. Notice of demand for arbitration shall be filed in writing with the other party and with the American Arbitration Association. The award rendered by the arbitrators shall be final and binding and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.
Empire of America also moved for an order severing its complaint from the counterclaim so that there could be arbitration on the claims contained in the counterclaim and third party complaint. Both motions were denied. Larry Kent then filed this petition for writ of certiorari.
As Larry Kent correctly points out, arbitration agreements are valid and enforceable and public policy favors arbitration as an alternative to litigation. Mid-west Mut. Ins. Co. v. Santiesteban, 287 So.2d 665 (Fla. 1973). Arbitration clauses have been enforced in cases similar to the present one. See, e.g., Walter L. Keller & Assoc. v. Health Management Foundation, 438 So.2d 1076 (Fla. 2d DCA 1983); Post Tensioned Engineering v. Fairways Plaza, 412 So.2d 871 (Fla. 3d DCA 1982).
For example, in the Post Tensioned Engineering case, Fairways Plaza Associates, the owner of a multiple office building project, sued its design engineer, its general contractor, Commercial Construction Corporation, and certain subcontractors of *870 Commercial for structural defects allegedly caused by the negligence of the defendants. Commercial moved to compel arbitration based on an arbitration clause in the contract between Fairways and Commercial. The trial court denied this motion. The Third District subsequently quashed that order explaining as follows:
We reject as well Fairways' remaining arguments in defense of the trial court's ruling. Commercial's right to compel arbitration is unaffected by the fact that Fairways' complaint alleges fraud, Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286 (Fla. 3d DCA 1980); Raymond, James and Associates, Inc. v. Maves, 384 So.2d 716 (Fla. 2d DCA 1980); seeks equitable relief, Collier Land Corporation v. Royal Palm Realty, Inc., 338 So.2d 859 (Fla. 3d DCA 1976); and concerns a complex construction industry dispute, William Pasalaqua Builders, Inc. v. Mayfair House Association, Inc., 395 So.2d 1171 (Fla. 4th DCA 1981). Finally, and most emphatically, we reject Fairways' argument that because it has not only sued Commercial with which it has an agreement to arbitrate, but has sued and intends to sue others with which it has no such agreement, and with which, therefore, the dispute must be litigated in court, the threat of such `piecemeal' resolution of the multiple disputes is, ipso facto, sufficient to justify the denial of Commercial's motion to compel arbitration. In light of the strong public policy favoring arbitration, Fenster v. Makovsky, 67 So.2d 427 (Fla. 1953); Arrieta v. Volkswagen Insurance Company, 343 So.2d 918 (Fla. 3d DCA 1977); Morton Z. Levine and Associates, Chartered v. Van Deree, 334 So.2d 287 (Fla. 2d DCA 1976); Siegel v. Abramowitz, 309 So.2d 234 (Fla. 4th DCA 1975), we cannot accept the proposition that a party to a contract calling for arbitration may avoid that undertaking by the simple device of joining as defendants in its lawsuit others with which the party has no such agreement to arbitrate.
412 So.2d at 875.
Here the parties entered into an agreement which contained a clause providing that all claims or disputes between the Andertons and Larry Kent arising out of the agreement shall be decided by arbitration. This arbitration clause clearly covers the dispute involved here and should be enforced. We find no merit to the Andertons' arguments for avoiding arbitration[1] and accordingly quash the order denying Larry Kent's motion to compel arbitration and to stay proceedings.
SHARP and COWART, JJ., concur.
NOTES
[1] The Andertons argue, in part, that because they seek relief under chapter 501, the Florida Deceptive and Unfair Trade Practices Act, the entire dispute must be settled in a judicial forum rather than by arbitration. We note that the contract between Larry Kent Homes, Inc. and Joanne Anderton is clearly a contract for the sale and purchase of a real estate lot and residence which does not constitute a "consumer transaction" within the meaning of the Florida Deceptive and Unfair Trade Practices Act. See State ex rel. Herring v. Murdock, 345 So.2d 759 (Fla. 4th DCA 1977); Annot., "Consumer Protection Act  Scope," 89 A.L.R.3d 399 (1979). See also State v. DeAnza Corp., 416 So.2d 1173 (Fla. 5th DCA 1982).