## CAMPAGNA v CORAL SPRINGS ROOFING COMPANY, INC.

## Case No. 87-7078 CJ (County Court Case No. 86-4314 (CC-P))

Seventeenth Judicial Circuit, Broward County

September 15, 1987

### APPEARANCES OF COUNSEL

**Bruce I. Kravitz** for appellant.
**Ralph Diaz** for appellee.

## OPINION OF THE COURT

J. LEONARD FLEET, Circuit Judge.

This appeal concerns an action which was commenced and later amended by the Plaintiff in the County Court of Broward County, Florida, notwithstanding the fact that the parties had executed a contract which provided for the settlement of any controversy or claim through arbitration.

Plaintiff, without the aid of counsel, filed its Statement of Claim, on October 24, 1986. Defendant filed his Motion to Dismiss Plaintiff's Statement of Claim, with attachments, on November 24, 1986. Plaintiff, *with* the aid of counsel, filed its Amended Statement of Claim on December 30, 1986 and its Motion to Stay Additional Proceedings on January 22, 1987, with accompanying Memorandum of Law in support of Plaintiff's Motion to Stay. On January 30, 1987 the Defendant filed his Motion to Stay Arbitration. Defendant, on February 11, 1987, filed his Answer, Affirmative Defenses and Counterclaim and his Motion to Transfer.

On February 23, 1987, the County Court entered an Order denying Defendant's Motion to Stay Arbitration and Granting Plaintiff's Motion to Stay Judicial Proceedings and Compelling Arbitration.

Defendant filed his Notice of Appeal on March 11, 1987.

It is alleged that on or about June 16, 1986, Defendant accepted an offer of Plaintiff to provide and install a new roofing system on Defendant's home. The parties confirmed their Agreement by executing Plaintiff's standard printed form contract which states:

6. ARBITRATION: Any controversy or claim arising out or relating to this Agreement, Warranty, or the breach thereof shall be settled by arbitration conducted by the American Arbitration Association in accordance with its Construction Industry Arbitration Rules. Judgement (sic) upon the award rendered by the Arbitrator(s) ay be entered in any court having jurisdiction thereof. This arbitration clause is fully compulsory and binding.

Plaintiff began work late in July. By the end of August, Defendant informed Plaintiff that the work was inferior and unacceptable. Plaintiff refused to correct the alleged defects. Defendant contracted with another entity to finish the roof repairs.

On October 10, 1987, Plaintiff filed in Official Records Book 13820, page 35, of the Public Records of Broward County, Florida, its claim of lien. On the same date, Plaintiff sent to Defendant a letter stating

**109**

that unless payment in full was received, Plaintiff would commence legal action to effect collection.

On October 24, 1987, Plaintiff filed its Statement of Claim in the County Court of Broward County, Florida.

The Appellee is not entitled to arbitration of this dispute.

The Trial Court erred by ordering the parties to arbitrate their respective claims in accordance with the arbitration provision in the Appellee's standard contract after the Appellee had taken actions inconsistent with arbitration, to wit: the filing of a Complaint and an Amended Complaint. Said actions constituted a waiver of the Appellee's contractual right to resolve the dispute by arbitration.

The Plaintiff/Appellee's attempt to find justification for the invoking of arbitration after filing the County Court action is without merit. The Plaintiff/Appellee had the right to compel the Defendant/Appellant to submit those matters attributable to arbitration under Section 682.02, Florida Statutes, prior to the filing of its first and amended Complaints. Having decided on two occasions to go one way, it can not then decide to jump back in the other direction.

In attempting to justify its position Appellee relies on *Mills v. Robert W. Gottfried, Inc.*, 272 So.2d 837 (Fla. 4th DCA 1973). The 4th DCA ruled that until there were "real controversies" there were no issues to submit to arbitration. The Court stated that there must be a claim and a denial of those claims before there can be "real controversies" which should be decided by arbitration.

However, contrary and in direct contrast to *Mills,* supra, the 4th DCA in the subsequent decision of *Gettles v. Commercial Bank at Winter Park,* 276 So.2d 837 (Fla. 4th DCA 1973), stated:

"A review of the sequence of events and chronology of the action of the parties before the trial court indicates, we feel, the adoption by Walston of a prior position inconsistent with arbitration. The customer's agreement upon which Walston's suit was predicated and which Walston contends Gettles violated clearly indicated that "any controversy between you (Walston) and the undersigned (Gettles) arising out of or relating to this contract or the breach thereof shall be settled by arbitration. . . ." The very nature of the complaint reflects the existence of a controversy between the parties; in paragraph 10, Walston asserts that the claimed deficiency "remained due and unpaid notwithstanding repeated demands made by plaintiff upon defendant for payment thereof."

Disregarding the provision for arbitration in the customer's agree-

110

ment, Walston chose to initially file suit rather than submit the matter to arbitration.

The *Gettles* court held that while the controversy was initially subject to arbitration, the Appellee/Plaintiff waived its right to submit the matter to arbitration by choosing the judicial forum. Specifically adopted was *Ojus Industries, Inc. v. Mann,* Fla. App. 1969, 221 So.2d 780, 782, which stated:

"Waiver in this connection does not depend on timing of the motion to compel arbitration (where not unreasonably delayed), but rather on the prior taking of an inconsistent position by the party moving therefor. Thus, *where a plaintiff, in disregard of his right to arbitration, files suit for determination of the controversy, he will be held to have waived his right to compel arbitration thereof.* The same will apply to a defendant who by counterclaim submits the matter, which was to be arbitrated, to the court. . . ." (Emphasis added.)

The *Ojus* case in turn cited *Mike Bradford & Co. v. Gulf States Steel Co.,* (1966 Fla. App.), 184 So.2d 911. In analyzing the case law, the *Bradford* court included the following language pertinent to this action:

The rule of general adherence seems to be that if a party to a contract, containing a provision for arbitration, even though expressed as a condition precedent, himself, commences suit, or takes other inconsistent action therewith, he will be held to have waived his rights to arbitration. 6 Williston, Contracts; Section 1921A (Rev. ed. 1938). . . . *"The plaintiffs,* whether bound by the clause or not, *repudiated it by commencing this law suit* and the defendants joined in the repudiation by answering to the merits without a demand for arbitration or a motion to stay the suit until arbitration could be had. Almost uniformly such conduct on the part of the parties constitutes an abandonment or waiver of the right to arbitration and a consent to the submission of the controversy to the courts. This rule has been established by an almost uniform line of decisions and this rule is not a new one in this jurisdiction." (Emphasis added.)

While the *Gettles* line of cases provide a better and more definite rule than the "real controversies" rule announced in *Mills,* the alleged facts of this case would support this Court if it were to determine this appeal on the *Mills* rule. A real controversy existed between the parties when the Plaintiff (before filing suit) recorded a claim of lien after having been dismissed from the roofing job for alleged poor workmanship. By filing suit, the Plaintiff decided where the controversy would be resolved.

The Appellee makes continued references to the time periods be-

111

tween the filing of various pleadings. The rule in this District, as stated in *Gettles,* is explicit and nowhere does it attach relevance to the time periods between the filing of various pleadings.

Accordingly, the Trial Court's Order denying the Appellant's Motion to Stay Arbitration is reversed, and the Trial Court's Order granting Appellee's Motion to Stay Judicial Proceedings and Compelling Arbitration is reversed.

This cause is remanded to the Trial Court with directions to enter appropriate Orders and to set the matter for a judicial determination once the pleadings have closed.