## CIROCCO v TRANSFLORIDA BANK
### Case No. 88-33231 CM
Seventeenth Judicial Circuit, Broward County
May 26, 1989

### APPEARANCES OF COUNSEL

**Joyce A. Slater,** for plaintiff.

**Richard H. Bergman,** for defendant.

### OPINION OF THE COURT

ROBERT J. FOGAN, Circuit Judge.

### ORDER ON PLAINTIFF'S MOTION FOR CLARIFICATION

THIS CAUSE having come on to be heard on Plaintiff's, Roberta Cirocco, Motion for Clarification/Reconsideration of this Court's Order, dated April 12, 1989, dismissing Count IV of Plaintiff's Complaint with prejudice, and the Court having heard argument of counsel, and being otherwise advised in the premises, it is hereupon,

ORDERED AND ADJUDGED that said Motion be, and the same is hereby GRANTED, with a clarification of the Court's Order, dated April 12, 1989, supplied as follows:

110

This is a case involving a construction loan agreement executed on or about July 1987, between Plaintiff and Defendant, Transflorida Bank. Plaintiff alleges that on or about October 1987, Defendant discontinued all funding to Plaintiff under said agreement. Plaintiff has brought this action sounding in breach of contract, negligence, and violation of Florida's Deceptive and Unfair Trade Practices Act. On April 12, 1989, this Court dismissed without prejudice Count II, an action for declaratory judgment, and dismissed with prejudice, Count IV, the action brought under the Florida Deceptive and Unfair Trade Practices Act. It is only Count IV that is the subject of this clarification.

Plaintiff has failed to state a cause of action against Defendant under Count IV inasmuch as the Florida Deceptive and Unfair Trade Practices Act, F.S.A. Sections 501.201 et seq., is not applicable to secured loan agreements between a consumer and a bank. In concluding that the Act is not applicable in this case it is necessary to examine, (1) the Act's definition of "supplier" and "consumer transaction," (2) the intent of the Florida legislature in enacting F.S.A. § 501.201 et. seq., and (3) the language and interpretations of the Federal Trade Commission Act (FTCA).

F.S.A. Section 501.202 states the purpose of the Act in part is "To protect consumers from suppliers who commit deceptive and unfair trade practices." Plaintiff has alleged that Defendant is a supplier within the Act. Section 501.203(3) defines supplier as:

"Supplier" means a seller, lessor, assignor, or other person who regularly solicits, engaged in, or enforces *consumer transactions,* whether or not he deals directly with the consumer. (Emphasis added)

Despite Plaintiff's allegation that Defendant is a supplier, it is first necessary to find whether the construction loan agreement is a consumer transaction. If Defendant is not engaged in a consumer transaction then it cannot be a supplier within the above definition. F.S.A. Section 501.203(1) defines "Consumer Transaction" as:

"Consumer Transaction" means a sale, lease, assignment, award by chance, or other disposition of an item of goods, a consumer service, or an intangible to an individual for purposes that are primarily personal, family, or household or that relate to a business opportunity that requires both his expenditure of money or property and his personal services on a continuing basis and in which he has not been previously engaged, or a solicitation by a supplier with respect to any of these dispositions.

111

In interpreting this definition, Florida courts have consistently held that a real estate transaction is not a consumer transaction within the statutory definition. See, *Kingswharf, Ltd. v Kranz,* 14 FLW 260 (Fla. 3d DCA 1989(, a case involving the sale of real estate; *Larry Kent Homes v Empire of America FSA,* 474 So.2d 868 (Fla. 5th DCA 1985), involving the sale of real estate; and *State v DeAnza Corp.,* 416 So.2d 1173 (Fla. 5th DCA 1982), which concerned the lease of real estate. Similarly, in the instant case, the Plaintiff has alleged a violation of the above act as a result of the Defendant's financing of a real estate transaction. The construction financing of a real estate transaction, like the sale of real estate, is not an item of goods, consumer service, or intangible within the definition of "Consumer Transaction." Such financing transactions are not included in the definition of "consumer transaction" explicitly stated in the act and this court cannot properly make such an addition to the definition. Compare, *State Ex. Rel. Herring v Murdock,* 345 So.2d 759, 760 (Fla. 4th DCA 1977). Inasmuch as the Defendant is not engaged in a consumer transaction it is not a supplier as defined in a F.S.A. § 501.201 et. seq. The application of the Act is limited to consumer transactions. See, *Kingswharf Ltd.,* 14 FLW at 261. Consequently, the Florida Deceptive and Unfair Trade Practices Act is not applicable to this case.

Nevertheless, Plaintiff attempts to bring the Defendant within the Florida Act by relying on the broad, statutory language of Section 501.204(1), which states, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce is hereby declared unlawful." Due to the unlimiting language of this section, legislative intent is important in determining whether the Act applies in this case. In support of her position, Plaintiff cites *Urling v Helms Exterminators, Inc.,* 468 So.2d 451 (Fla. 1st DCA 1985), which suggests a liberal interpretation of the Florida Act. Unfortunately, neither the liberal view in *Urling* nor any other Florida case addresses the applicability of the Florida Act to real estate financing situations.

While Florida legislative history on this subject is not detailed, other jurisdictions can provide some guidance for the court. For instance, an appellate court in Kansas has held that the grant of a home loan mortgage by a bank to an individual is a "consumer transaction" within the meaning of the Kansas Consumer Protection Act, an act similar to the Florida Act. See, *State, Etc. v Brotherhood Bank and Trust,* 649 P.2d 419 (Kan. App. 1982). In that case the court went through detailed discussion in arriving at the legislative intent behind the Kansas Act. In Kansas, the legislature specifically deleted "credit

112

extended by a lender" as an exception to the definition of a consumer transaction. Because the legislature choose not to include "credit extended by a lender" as an exception from coverage of the Act, the court concluded that the home loan mortgage is a consumer transaction.

Although the case at hand involves a construction loan mortgage rather than a home loan mortgage, the legislative history of the Florida Deceptive and Unfair Trade Practices Act does not indicate that Florida intended to include a construction loan agreement or construction mortgage within the definition of consumer transaction. Florida, unlike Kansas, did not consider such an exception as "credit extended by a lender" when enacting Section 501.201 et. seq. See, Laws of Florida, Chapter 73-124, House Bill No. 1915. In view of the Act's history in Florida, this Court will not add a construction loan mortgage to the definition of consumer transaction.

Another way of determining the applicability of the Florida Act to this case is to look at the interpretations of the Federal Trade Commission Act. F.S.A. Section 501.204(2) directs this Court to give great weight to such interpretations and states in pertinent part:

It is the intent of the legislature that . . . due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to § 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. 45(a)(1), as amended and in effect on April 1, 1983.

15 U.S.C. 45(a)(2), states that the Commission is *not* empowered to enforce the statute against banks and savings and loans. Unfair or deceptive trade practices by banks are governed by 15 U.S.C. 57a(f)(3). In fact, it has previously been held that the Federal Trade Commission Act does not apply to banks. *Mechanics Nat. Bank of Worcester v Killeen,* 384 N.E.2d 1231 (Mass. 1979(. Giving great weight to the conspicuous language and court interpretations of the FTCA, this Court will not apply the Florida Deceptive and Unfair Trade Practices Act to banks. Therefore, by virtue of the coverage of 15 U.S.C. 45(a)(1), the Florida Act is not applicable to the Defendant in this case.

As a result, Count IV of Plaintiff's Complaint does not state a cause of action under the Florida Unfair and Deceptive Trade Practices Act and such Count remains dismissed with prejudice.

DONE AND ORDERED this 16th day of May, 1989, Fort Lauderdale, Florida.