STEVENSON, J.
 

 The parties to this appeal participated in arbitration after disputes arose concerning
 
 *169
 
 Royal Palm Collection, Inc.’s (“Royal Palm”) construction of a home for George and Carlene Lewis. Subsequent to arbitration, the builder, Royal Palm, filed motions seeking (1) the addition of some $34,510 to the arbitration award, claiming that the arbitrator’s failure to include said sum was an “evident miscalculation”; (2) the award of prevailing party attorney’s fee; and (3) the entry of final judgment allowing for foreclosure of its construction lien. The trial court denied each of Royal Palm’s motions and entered a final judgment awarding damages to the builder in the amount determined in the arbitrator’s award. In this appeal, Royal Palm challenges the trial court’s rulings on each of these issues and the trial court’s award of prejudgment interest. We affirm the order appealed in all respects, save the trial court’s refusal to enter a judgment providing for foreclosure of Royal Palm’s construction lien and write to address this issue.
 

 In 2005, Royal Palm sued the Lewises, seeking to foreclose on a $72,339 construction lien it had recorded pursuant to chapter 713, Florida Statutes (count I); the establishment of an equitable lien in the amount of $72,339 (count II); and damages under breach of contract and quantum me-ruit theories (counts III and IV, respectively). The Lewises answered and raised a variety of counterclaims. As the parties’ contract contained an arbitration clause, the parties were ordered to arbitration.
 

 Following a five-day hearing, the arbitrator awarded Royal Palm $38,528.88, finding that it was entitled to be paid for the “actual construction that was put in place by them.” The arbitrator rejected Royal Palm’s claim that the Lewises had breached the contract, but found as follows with respect to its lien foreclosure claim:
 

 Claimant[’]s claim of lien was proper in that it was their only means of protecting their interests in the project during the dispute. Florida Statutes are specific as to the time frames required for filing a lien and the time to move to foreclose on a lien. Claimant took those steps as required by law to protect their interests.
 

 The trial court subsequently entered an order confirming the arbitrator’s award.
 

 Thereafter, Royal Palm sought the entry of a judgment foreclosing its construction lien. The trial court refused to enter a judgment of foreclosure, indicating at the hearing that Royal Palm was not entitled to one because the arbitrator’s award was silent on the matter and the basis of the award was unclear. The trial court entered only a judgment for money damages. This was error. In this case, Royal Palm was entitled to the entry of a final judgment of foreclosure as a means of enforcing the arbitrator’s award.
 
 See
 
 §§ 713.08, 713.21, Fla. Stat. (2009);
 
 Mills v. Robert W. Gottfried, Inc.,
 
 272 So.2d 837, 839 (Fla. 4th DCA 1973) (stating that contemporaneous with confirmation of the arbitration award, the trial court “may adjudicate the right of the plaintiff to a mechanic’s lien for the purpose of enforcing such judgment as plaintiff may obtain”);
 
 see also McDaniel v. Berhalter,
 
 405 So.2d 1027, 1029 (Fla. 4th DCA 1981) (recognizing that while a party may be required to arbitrate the issue of its entitlement to payment and the amount due, he retains the right to enforce an arbitration award by means of a mechanic’s lien),
 
 called into doubt on other grounds as stated in Fewox v. McMerit Constr. Co.,
 
 556 So.2d 419 (Fla. 2d DCA 1989);
 
 Beach Resorts Int’l, Inc. v. Clarmac Marine Constr. Co.,
 
 339 So.2d 689, 692 n. 3 (Fla. 2d DCA 1976) (stating that had the defendant failed to pay full amount of arbitrator’s award, a mechanic’s lien could have been imposed to enforce arbitrator’s award) (citing Mills).
 

 
 *170
 
 We have reviewed the other issues on appeal and find no error. Accordingly, the instant case is remanded for further proceedings consistent with this opinion.
 

 Affirmed in part; Reversed in part; and Remanded.
 

 GROSS, C.J., and POLEN, J., concur.