346 So.2d 648 (1977)
OAKDALE PARK, LTD., Appellant,
v.
James BYRD and Henry Harrell, Appellees.
No. DD-21.
District Court of Appeal of Florida, First District.
May 25, 1977.
Rehearing Denied June 27, 1977.
*649 Gary W. Tennyson, of Tennyson & Powell, Panama City, for appellant.
Clayton J.M. Adkinson, of Thompson & Adkinson, DeFuniak Springs, for appellees.
RAWLS, Acting Chief Judge.
Oakdale Park, Ltd., appeals from an order fixing attorney's fees and costs in an action to foreclose mechanic's lien and arbitration proceeding resolving the dispute. Appellees entered into a subcontract with Oakdale whereby they were employed to furnish materials and labor and other services to Oakdale. The subcontract contained a mandatory arbitration clause. In pursuing their claim of lien, appellees filed a verified claim in which they stated that they were entitled to certain sums for labor and materials last furnished on June 20, 1974, and July 17, 1974. On November 6, 1974, without mentioning or seeking arbitration pursuant to their contract, appellees filed their complaint to foreclose mechanic's lien, including a request for attorney's fees. No mention was made therein of arbitration pursuant to the contract. Upon Oakdale's motion in the foreclosure proceedings, the trial court ordered the parties to arbitrate, which arbitration resulted in an award of damages to appellees but did not award an attorney's fee. Oakdale paid the amount of the award to appellees, and the court thereafter entered the order appealed.
We agree with the reasoning and conclusion of our sister court in Beach Resorts Intern. v. Clarmac Marine Const., 339 So.2d 689 (Fla. 2nd DCA 1976). There the court held that "the mechanic's lien statute, in cases initiated as lien foreclosures but submitted to mandatory arbitration, is not operative unless the judgment entered confirming, vacating or modifying the arbitration award must be enforced in favor of the plaintiff." The Second District ruled that payment of the arbitration award and acceptance thereof constitutes settlement of the controversy between the parties; that the mode and substance of recovery in such instance is defined by the Arbitration Code and not the Mechanic's Lien Law. Judge Hobson, speaking for the court, stated:
"This construction should not be deemed as an attempt to oust the trial court of its jurisdiction over the lien foreclosure. Instead, the operation of both the Arbitration Code and the Mechanic's Lien Law is interdependent and compatible. There was no reason to impose a mechanic's lien, as Beach Resorts was at all times ready and willing to comply with the decision of the arbitrator and the order of the trial judge in confirming the same. In the absence of a refusal to abide by the trial court's judgment, it was error to impose a mechanic's lien and award of attorney fees attributable to the arbitration previously conducted."
Of particular import in the instant case is that the record does not demonstrate any necessity on the part of appellees, in order to protect their claim of lien, to resort to foreclosure proceedings. Had appellees promptly sought redress through their agreed upon arbitration forum and had their claim not been resolved prior to expiration *650 of the jurisdictional time for mechanic's lien foreclosure, then, in such event, they would have possessed a right to file the action for foreclosure of mechanic's lien in order to protect same. A party, who has entered into a contract requiring arbitration, may not flagrantly disregard this contractual prerequisite, march down to the courthouse, file a complaint of foreclosure, and demand an attorney's fee by reason of ignoring at the outset his contractual duty to arbitrate.
REVERSED.
SMITH, J., concurs.
McCORD, J., dissents.
McCORD, Judge, dissenting.
Appellees had a right to file the action for foreclosure of mechanic's lien in order to protect their lien although the dispute was subject to adjudication by mandatory arbitration unless waived. A failure of appellant to invoke mandatory arbitration in the foreclosure suit would have constituted a waiver. Appellees were not required to anticipate that there would be no waiver and thus forego filing the foreclosure suit. Since they had a right to protect their lien by filing the suit, I consider that appellees are entitled to a reasonable fee for the services of their attorney but limited to only a fee for the filing of such suit; that they are not entitled to a reasonable attorney's fee for the arbitration proceeding. I would, therefore, remand for the fixing of a reasonable fee as so limited.