Argued and submitted December 11, 1980, reversed and remanded for further proceedings February 3, reconsideration denied March 19, petition for review allowed April 7, 1981 (290 Or 727)

HARRIS,

*Appellant - Cross-Respondent,*

*v.*

DYER,

*Respondent - Cross-Appellant,*

(No. 78-1378-E-3, CA 17650)

623 P2d 662

Michael J. Esler, Portland, argued the cause for appellant - cross-respondent. With him on the briefs were Kim T. Buckley, and Esler & Schneider Portland.

Susan P. Graber, Portland, argued the cause for respondent - cross-appellant. With her on the briefs were Richard E. Alexander and Stoel, Rives, Boley, Fraser and Wyse, Portland.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

The sole issue in this action to foreclose a construction lien is whether either party is entitled to costs and statutorily authorized attorney fees. ORS 87.060(4).[1] The question arises because after the foreclosure proceeding was commenced, it was abated on defendant's motion pending arbitration of the dispute pursuant to ORS 33.240[2] and the contract between the parties, and after the arbitration award was filed with the circuit court (ORS 33.310),[3] the action was dismissed on defendant's motion after the amount of the award was tendered to plaintiff.

From the judgment dismissing the action, plaintiff appeals, contending that he is entitled to a judgment for the amount of the award, plus costs and attorney fees. Defendant, having filed a cost bill, which included attorney fees, cross-appeals from that portion of the judgment denying those costs, contending he is the prevailing party. We reverse the judgment of dismissal, affirm the trial court's

---

[1] ORS 87.060(4) provides:

"When notice of intention to commence suit to foreclose the lien has been given, pleaded and proven as provided for in ORS 87.057, the court, upon entering judgment for the lien claimant, shall allow as part of the costs all moneys paid for the filing or recording of the lien. In suits to enforce a lien created by ORS 87.010 the court shall allow as a part of the costs a reasonable amount as attorney fees to the prevailing party, except as provided in subsection (2) of ORS 87.039 and subsection (3) of ORS 87.057."

[2] ORS 33.240 provides:

"If any action, suit or proceeding is brought upon any issue arising out of an agreement which contains a provision for arbitration of the matter in controversy in such action, suit or proceeding, then, upon application, any judge of a circuit court, upon being satisfied that the issue is referable to arbitration, shall abate the action, suit or proceeding so that arbitration may be had in accordance with the terms of the agreement. The application shall be heard similarly to hearings on motions."

[3] ORS 33.310 provides:

"The award of the arbitrators, together with the written agreement to submit, shall be delivered to the county clerk of the county in which is located the court of record selected to render judgment on the award. The clerk shall enter the same of record in his office. A copy of the award, signed by the arbitrators, or a majority of them, shall also be served upon or delivered to each of the parties interested in the award, and proof of such service or delivery shall be filed with the clerk. If no exceptions are filed against the same within 20 days after such service, judgment shall be entered as upon the verdict of a jury, and execution may issue thereon, and the same proceedings may be had upon the award with like effect as upon a verdict in a civil action."

denial of defendant's cost bill, and remand the case for further proceedings.

On September 15, 1977, plaintiff, as contractor, and defendant, as owner, executed a construction contract in a standard form prepared by the American Institute of Architects, under which plaintiff agreed to construct a racquetball facility for defendant in Medford, and defendant agreed to pay plaintiff the contract price of $207,000. After construction commenced, additional work was authorized, increasing the contract price. Subsequently, a dispute arose and, on April 27, 1978, defendant terminated the contract. Plaintiff, contending that the termination was unlawful, made a demand for the amount he claimed was owing from defendant and, when defendant refused to pay, plaintiff filed a claim of lien, notified defendant of that filing and of his intention to commence suit to foreclose the lien. On May 9, 1978, this action was commenced to foreclose the construction lien and, in a second cause of action, to recover damages for breach of contract.

The construction contract, a copy of which was attached to the complaint, contained a provision requiring that all claims and disputes between the contractor and owner arising out of the contract, or its breach, be decided by arbitration.[4] Relying on that provision and on ORS 33.240, defendant moved to abate the action on June 8, 1978; on November 7, 1978, the trial court entered an order abating the proceeding pending arbitration.

The dispute was then submitted to arbitration. On November 13, 1979, the arbitrators issued their award in favor of plaintiff in the amount of $64,089.71, plus interest from May 4, 1978, and provided that the expenses of the

---

[4] Article 7.9.1 of the contract provides in part:

"All claims, disputes and other matters in question between the Contractor and the Owner arising out of, or relating to, the Contract Documents or the breach thereof * * * shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. * * * The foregoing agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof."

arbitration were to be borne equally by the parties. Thereafter, the arbitration award was entered of record in this proceeding. *See Jackson v. Penny Duquette Knits,* 276 Or 465, 555 P2d 201 (1976). After the time for filing exceptions to the award had expired (ORS 33.310, 33.320), plaintiff moved for a decree foreclosing his lien in the amount of the award, plus interest, lien preparation and recording fees, reasonable attorney fees and court costs. Defendant tendered the amount of the arbitration award to plaintiff, but the tender was rejected because it did not include any amount other than the precise amount of the award, with interest. Plaintiff's motion for a decree was denied. Thereafter, defendant's motion to dismiss was granted and defendant submitted the cost bill described above, contending that he was entitled to costs as the "prevailing party."

The underlying question presented by this appeal is whether the plaintiff, having expressly agreed in his contract with defendant to submit all disputes to arbitration, has waived his right to file a statutory construction lien for amounts unpaid under the contract. Defendant contends that plaintiff seeks "redundant remedies" and that the compulsory arbitration provision is tantamount to a waiver by the contractor of his right to assert such a lien. However, those contentions overlook the significant differences between the *right to secure payment* of amounts claimed and the *obligation to resolve any dispute* as to the amounts claimed in a particular manner. This distinction is analogous to that recognized in *Jackson v. Penny Duquette Knits, supra,* where the court held that an agreement to arbitrate did not deprive the parties of the benefit of prejudgment attachment.

Although it is true that disputes as to amounts owing may be litigated in a suit to foreclose the lien, all lien foreclosures do not involve disputes of that kind. Where there is no dispute, the sole purpose of the lien foreclosure suit is to affect collection by selling the property against which the lien is filed. Where, as here, the parties have agreed to arbitrate their disputes, there appears to be no reason why, once the dispute has been resolved by arbitration, the amount awarded the contractor should not be collectible through a lien foreclosure, assuming that the

items included within the award are lienable and other statutory prerequisites are met.

■       We conclude, therefore, that in the absence of an express waiver by the contractor of his right to file a construction lien, an agreement to arbitrate disputes does not deprive him of the right to file a lien. Having the right to file a claim of lien for amounts claimed to be due would be a hollow gesture unless the contractor also has the right to pursue that claim to fruition. If he is not entitled to file a suit to foreclose the lien, the lien would expire within six months after the filing of the lien claim, ORS 87.055,[5] and would be for naught. If, however, the contractor files a suit to foreclose the lien within the statutory period, the lien continues and, if it ripens into a decree foreclosing it, the lien has priority as of the date it was filed. ORS 87.025. The priority of the contractor's claim over other liens against the property might well, in many cases, be the difference between the contractor's being paid, or not being paid, the full amount of his claim.

■       It is not contended that the lien foreclosure suit was improperly abated to abide the outcome of the arbitration proceedings. Plaintiff does contend, however, that he was entitled to file the lien claim and commence the foreclosure suit, by virtue of which he claims entitlement to a judgment in that suit, not only for the amount of the arbitration award, but also for all costs and attorney fees relating to the lien foreclosure *and* for such fees incurred in the arbitration proceedings. We agree that plaintiff was entitled to have judgment entered in the foreclosure suit in the amount of the arbitration award (assuming that the items included in that award were covered by his lien, and were lienable), together with costs and attorney fees incurred in the preparation and filing of the lien claim and those related to the lien foreclosure suit, ORS 87.060(4)

---

[5] ORS 87.055 provides:

"No lien described in ORS 87.010 shall bind any improvement for a longer period than six months after the lien is filed unless suit is brought in a proper court within that time to enforce the lien, or if extended payment is provided and the terms thereof are stated in the recorded lien, then six months after the expiration of such extended payment, but no lien shall be continued in force for a longer time than two years from the time the claim for lien is filed under ORS 87.035 by any agreement to extend payment."

(assuming that the notice required by ORS 87.057 was validly given). However, with respect to attorney fees incurred in resolving the dispute through arbitration, we do not agree. The contract between the parties provided that any disputes between them would be resolved by arbitration, rather than by litigation in a court of law, and did not provide that the prevailing party in the arbitration proceedings would be entitled to an arbitration award which included attorney fees incurred in the arbitration. In fact, the arbitration award in this case provided that each of the parties would bear the costs of arbitration equally.

■ It does not follow that because plaintiff was entitled to file a lien claim and commence suit to foreclose it — all for the purpose of assuring payment of whatever amount the arbitrators determine to be due him — that he is entitled to reimbursement for the expenses he incurred in the arbitration. The construction contract clearly requires that disputes be resolved by arbitrators, not the courts, and whatever attributes attend arbitration — not court litigation — govern the resolution of the dispute. Because the dispute here was determined by arbitration, rather than in court, ORS 87.010 (mandating the court to allow as part of the costs a reasonable amount as attorney fees) does not apply to attorney fees incurred in the arbitration, but applies only to such fees incurred in connection with the lien foreclosure. ·

■ The fact that defendant tendered the exact amount of the arbitration award, plus interest, but not including costs and attorney fees incurred in preparation and filing of plaintiff's lien claim and the lien foreclosure suit, did not entitle defendant to a judgment dismissing the complaint, assuming notice required by ORS 87.057 was given by plaintiff prior to commencement of the foreclosure proceedings. *See Colby v. Larson,* 208 Or 121, 297 P2d 1073, 299 P2d 1076 (1956).

We conclude, therefore, that the trial court erred in dismissing plaintiff's lien foreclosure suit. We cannot, however, on this record determine the amount of the judgment which should be entered for plaintiff on account of his lien, because defendant asserted in the trial court that if it became necessary for him to respond to plaintiff's complaint he would deny the validity of the lien and the

adequacy of the notice plaintiff gave prior to commencing the foreclosure suit. Those questions have not been litigated, and we express no opinion with respect to any of them.

We hold only that, assuming that the arbitration award is comprised of lienable items which are covered by plaintiff's lien claim, plaintiff is entitled to a judgment against defendant covering the amount of such claims (not to exceed the amount of the award, plus interest), and, assuming further that plaintiff gave the required statutory notice of intention to commence foreclosure proceedings, he is entitled to the statutory costs of preparing and filing the lien, together with a reasonable attorneys fee for services performed solely in connection with the foreclosure proceeding.

Reversed and remanded for further proceedings.