Argued and submitted June 30, affirmed as modified
December 22, 1981,
petition for rehearing denied January 26, 1982

# HARRIS,
dba Bob Harris Construction,
*Petitioner on Review,*
*v.*
# DYER,
*Respondent on Review.*

(No. 78-1378-E-3, CA 17650, SC 27670)

637 P2d 918

Michael J. Esler and Kim T. Buckley, Portland, argued the cause and filed a brief for petitioner on review.

Susan P. Graber and Richard E. Alexander, Portland, argued the cause and filed a brief for respondent on review. With them on the briefs were Stoel, Rives, Boley, Fraser and Wyse.

LINDE, J.

Peterson, J., filed a dissenting opinion.

## LINDE, J.

A dispute between the parties to a construction contract led the owner to terminate the contract. The construction contractor demanded the amount he claimed to be owing under the contract, and upon the owner's refusal to pay, the contractor filed a claim of lien, followed by a suit to foreclose the lien. As the contract provided for arbitration, the circuit court abated the proceeding pending arbitration.[1] The arbitrators awarded the contractor $64,089.71 plus interest. The contractor then moved for a decree foreclosing the lien in a total amount comprising the arbitrators' award, interest, lien preparation and recording fees, court costs, and reasonable attorney fees incurred in the arbitration as well as in the judicial proceeding. Defendant, the owner, tendered the amount of the award, with interest, and when plaintiff rejected this tender as insufficient, the circuit court dismissed the foreclosure suit on defendant's motion.

The Court of Appeals reversed the dismissal, holding that an arbitration provision alone does not waive the contractor's right to file a construction lien to secure eventual payment of his claim, and that plaintiff was entitled to have judgment in the foreclosure suit for all items included in the arbitration award that were properly covered by the lien. The court also held that plaintiff was entitled to costs and attorney fees related to the filing of the lien and the foreclosure proceeding, but excluding attorney fees incurred in the arbitration, and it remanded the case to the circuit court for determination of the proper amount of the judgment. 50 Or App 223, 623 P2d 662 (1981). The only issue before us on review is whether plaintiff is entitled to reasonable attorney fees incurred in arbitrating the amount of his claim.

---

[1] ORS 33.240:

"If any action, suit or proceeding is brought upon any issue arising out of an agreement which contains a provision for arbitration of the matter in controversy in such action, suit or proceeding, then, upon application, any judge of a circuit court, upon being satisfied that the issue is referable to arbitration, shall abate the action, suit or proceeding so that arbitration may be had in accordance with the terms of the agreement. The application shall be heard similarly to hearings on motions."

■ ■  Plaintiff relies on statutory grounds and on the arbitration provision of the construction contract for his right to recover attorney fees for the arbitration. The construction lien law directs that in suits to enforce a lien "the court shall allow as a part of the costs a reasonable amount as attorney fees to the prevailing party." ORS 87.060(4).[2] Plaintiff argues that the larger part of attorney fees in foreclosing a disputed construction lien arises not in filing the lien claims and the complaint but in litigating the amount of the claim, and that such fees should be recovered even if this phase of the dispute occurs before arbitrators rather than in court.[3] Insofar as this part of an attorney's time and effort would be expended in court and recoverable as part of costs if it were not transferred into the arbitration tribunal, plaintiff's argument is not unreasonable. On the other side, it may be said that arbitration is not imposed by law as a phase of litigation, but is chosen by the parties precisely as an alternative to litigation, on terms set by the parties themselves. Indeed, if the dispute had been arbitrated according to the contract without reaching any occasion to invoke the lien law, the costs of arbitration would be governed by the contract, and plaintiff could not invoke ORS 87.060(4), *supra,* to recover attorney fees. We doubt that when that section speaks of attorney fees to the "prevailing party" as a part of "costs" in a lien foreclosure proceeding, it means to include more than the statutory procedures themselves, or that it means to invite foreclosure suits as a step toward obtaining attorney

---

[2] ORS 87.060(4):

"When notice of intention to commence suit to foreclose the lien has been given, pleaded and proven as provided for in ORS 87.057, the court, upon entering judgment for the lien claimant, shall allow as part of the costs all moneys paid for the filing or recording of the lien. In suits to enforce a lien created by ORS 87.010 the court shall allow as a part of the costs a reasonable amount as attorney fees to the prevailing party, except as provided in subsection (2) of ORS 87.039 and subsection (3) of ORS 87.057."

[3] Plaintiff seeks to bolster this argument by citing the provision of the arbitration statute that judgment shall be entered on an arbitration award "as upon the verdict of a jury, and execution may issue thereon, and the same proceedings may be had upon the award with like effect as upon a verdict in a civil action." ORS 33.310. The terms "execution," "the same proceedings," and "like effect as upon a verdict in a civil action" appear to refer to the enforceability of the award; we are not persuaded that they carry into the arbitration statute the attorney fee entitlement of the construction lien law.

fees for an arbitration under a contract that does not provide for such fees. *Cf. Beach Resorts Intern. v. Clarmac Marine Const.,* 339 So2d 689 (Fla App 1976), *Oakdale Park Ltd. v. Byrd,* 346 So2d 648 (Fla App 1977).

■ Plaintiff's second argument, however, is that this contract did preserve for the parties such rights to attorney fees as the parties would have had in the absence of the arbitration clause. The contract was a standard form construction contract published by the American Institute of Architects. Two provisions are relevant to the present issue.

The arbitration article begins:

"7.9.1. All claims, disputes and other matters in question between the Contractor and the Owner arising out of, or relating to, the Contract Documents or the breach thereof * * * shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. * * * The foregoing agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof."

Nothing in the record elucidates the reference to the "Construction Industry Arbitration Rules of the American Arbitration Association," and there is no evidence that either contracting party knew what they were. The arbitrators' award ordered that the association's fees and expenses and those of the arbitrators be borne equally by the parties, but there is no suggestion that either the arbitration rules or the award covered attorney fees.

Plaintiff contends that when the last sentence of art. 7.9.1., *supra,* refers to entry of judgment on the award "in accordance with applicable law," the "applicable law" includes the attorney fee provision of the lien law and thereby also includes attorney fees for the arbitration. Assuming plaintiff's premise that "applicable law" in art. 7.9.1 includes more than the "prevailing arbitration law" mentioned in the preceding sentence, nevertheless this clause only provides for the entry of judgment upon the award itself. It says nothing about attorney fees which the "applicable law" allows for the enforcement of a lien.

■     Plaintiff has a stronger argument under a general provision of the contract. Article 7.6.1. provides:

"The duties and obligations imposed by the Contract Documents and the rights and remedies available thereunder shall be in addition to and not a limitation of any duties, obligations, rights and remedies otherwise imposed or available by law."

The question is what "duties, obligations, rights and remedies" are reserved by this clause.

The record does not offer any explanatory material bearing on the intended meaning and scope of art. 7.6.1. of the standard form contract. We disregard "duties and obligations" as referring most likely to the substantive performance required of the respective parties. Their "rights and remedies" clearly extend to the contingency of nonperformance. One of the standard remedies that must have been contemplated in this provision is the security of a construction lien and its eventual foreclosure, a procedure which in Oregon gives the prevailing party a right to attorney fees. The lower courts held that, despite art. 7.6.1., lien foreclosure had to await the result of arbitration under the contract. Had the dispute ended with the award, or with its enforcement under the arbitration statute, there would be no right to attorney fees for art. 7.6.1. to reserve. *Cf. Oakdale Park Ltd. v. Byrd, supra.* But the Court of Appeals held that after the award foreclosure was proper, and that holding is not challenged here. Article 7.6.1. provides that the rights and remedies under the contract (which includes the remedy of arbitration) shall not be a limitation of rights and remedies otherwise available by law. It does not seem the most likely reading of this reservation of rights that it meant to sacrifice attorney fees which the law allows when all phases of the foreclosure remedy are litigated in court. Rather, it seems more consonant with the apparent objective of including a reservation of rights to read art. 7.6.1. as disavowing such a limitation on the otherwise available right to attorney fees.

Accordingly, we conclude that the contract between the parties reserves to the prevailing party in a lien foreclosure suit the full "reasonable" attorney fees available in such a suit under ORS 87.060(4), determined to

include those fees "reasonable" for the arbitration proceeding but not exceeding what would be "reasonable" if all issues had been litigated in the foreclosure proceeding. These attorney fees are to be set by the trial court on the remand ordered by the Court of Appeals.

Affirmed as modified.

**PETERSON, J.,** dissenting.

I understand the majority opinion to hold, consistent with our precedent in *Jackson v. Penny Duquette Knits,* 276 Or 465, 555 P2d 201 (1976), consistent with the opinion of the Court of Appeals opinion below, and consistent with the holdings of most other courts considering the issue,[1] that although an agreement to arbitrate bars judicial determination of arbitrable issues, the arbitration agreement does not bar the invocation of lien procedural remedies to collect the award of the arbitrators. I further read the majority opinion to hold, consistent with the Court of Appeals and other jurisdictions considering the issue,[2] that even though attorney fees are recoverable incident to the foreclosure, absent a "rights and remedies" clause, one who prevails in the arbitration proceeding who seeks judicial assistance in collecting the award via lien foreclosure is not entitled to recover attorney fees incurred in the arbitration proceedings.

If the foregoing analysis of the majority opinion is correct, I concur with the majority to that point. I disagree, however, with the holding that because of the existence of the "rights and remedies" clause set forth on pages 237 and 238 of the majority opinion, the parties meant to retain the right to recover arbitration attorney fees in the lien foreclosure suit.

Written arbitration agreements are enforceable, ORS 33.220. If a contracting party files a civil action on an arbitrable claim, on motion the civil action is stayed until

---

[1] *See Floors, Inc. v. B. G. Danis of New England,* 80 Mass Adv Sh 647, 401 NE2d 839 (1980), affirming the Massachusetts Appeals Court, Suffolk, 7 Mass App 356, 387 NE2d 1166 (1979); *Beach Resorts Intern. v. Clarmac Marine Const.,* 339 So 2d 689 (Fla App 1976); *Oakdale Park Ltd. v. Byrd,* 346 So 2d 648 (Fla App 1977).

[2] See cases cited in footnote 1.

arbitration is completed, ORS 33.240. *Jackson v. Penny Duquette Knits, supra.* Following arbitration, the award is filed with the county clerk, and if no objections are filed, judgment "shall be entered as upon the verdict of a jury, and execution may issue thereon, and the same proceedings may be had upon the award with like effect as upon a verdict in a civil action," ORS 33.310. I read these statutes to provide that all arbitrable matters relating to the personal liability of one or more of the parties are to be determined in the arbitration, with judicial procedures appropriate to the collection of judgments being available to the prevailing party following the entry of the award.

The majority believe that the right to recover attorney fees incurred in the arbitration proceedings still is available to the plaintiff because of the contractual provision that "* * * the rights and remedies available thereunder shall be in addition to and not a limitation of any duties, obligations, rights and remedies otherwise imposed or available by law." The majority construes this contractual provision in three sentences, saying:

> "* * * Article 7.6.1. provides that the rights and remedies under the contract (which includes the remedy of arbitration) shall not be a limitation of rights and remedies otherwise available by law. It does not seem the most likely reading of this reservation of rights that it meant to sacrifice attorney fees which the law allows when all phases of the foreclosure remedy are litigated in court. Rather, it seems more consonant with the apparent objective of including a reservation of rights to read art. 7.6.1 as disavowing such a limitation on the otherwise available right to attorney fees."

That analysis is contrary to the purpose of our arbitration statutes and misconstrues the contractual language. In *Harrell v. Dove Mfg. Co.,* 234 Or 321, 326, 381 P2d 710 (1963), we stated:

> "* * * One of the primary purposes for which parties agree to arbitrate their disputes is to avoid what they fear may be costly and time-consuming litigation. See generally, Note, 63 Harv L Rev 681 (1950). It would be patently unfair to allow a party to an arbitration proceeding for which both parties have voluntarily contracted to turn the proceedings into a lawsuit in the event the arbitrator's decision is unfavorable to him. * * *"

One of the main reasons why people invoke arbitration is to avoid the exercise, by themselves and the other contracting parties, of rights, rules and procedures applicable to judicial proceedings. It is beyond dispute that, by submitting controversies to arbitration, the parties waive numerous rights and remedies, both procedural and substantive, which would otherwise be available to them. Some of the waived rights and remedies include: waiver of rights and procedures applicable to pleadings; waiver of jury trial; waiver of rules of evidence; waiver of trial on the merits before a judge; waiver of a written record of the proceedings; waiver of right to appeal, except for limited grounds set forth in ORS 33.320. By agreeing to arbitration, the parties waive virtually all substantive rules and procedures which would otherwise be applied in a judicial proceeding. Thus, the predominant purpose of arbitration proceedings is to avoid the assertion of many rights otherwise available incident to the judicial process.

Second, the analysis of the majority, carried to its logical conclusion, guts virtually all arbitration agreements which contain "rights and remedies" language similar to that at bar. All of these rights listed above—the right to a jury trial, the right to a written record, etc.,—are "rights and remedies otherwise imposed or available by law." Under the majority opinion, even though the parties had agreed to a submission to a decision by arbitration, these rights and remedies would still be available to them. I find it difficult to follow the analysis that notwithstanding the waiver of such rights, such rights are nonetheless reserved to the parties.

The clear purpose of the arbitration agreement is to obtain ready relief as a shortcut to the judicial procedures otherwise available to the parties. The parties have agreed that any determination as to the amount due is to be determined by arbitration. That includes, in my opinion, the waiver of all judicial procedures and rights assertable therein, which would normally be available to them incident to the determination of the amounts due. Forgetting the lien for the moment, if a statute provided for attorney fees to the prevailing party, and if the parties had agreed to a submission of that dispute to arbitration, that would amount to a waiver of the right to attorney fees under the

statute, even though ORS 33.310 permits the award to be filed and judgment to be entered thereon.[3]

I believe that the arbitration statutes aim to provide a procedure outside of court procedures for the determination of personal liability, if any, but to make court procedures available for the collection of the amount determined to be due. ORS 33.240; ORS 33.310. The "rights and remedies" provision preserves only those rights and remedies not otherwise displaced, expressly or implicitly, by the arbitration provision. What is necessarily displaced by the agreement cannot be reserved, without rendering the entire arbitration agreement totally nugatory. The "rights and remedies" provision cannot purport to retain to the parties the very rights and remedies which must yield in order to achieve arbitration. Construing the provision with the statutes in mind, matters pertaining to the pre-judgment determination of a party's liability are to be decided in the arbitration; judicial procedures incident to the enforcement of the judgment are applicable after judgment is entered pursuant to ORS 33.310.

Tongue, J., joins in this dissent.

---

[3] For example, if a dispute involved a claim for damages to property and the claim were for $3,000 or less, under ORS 20.080, (Or Laws 1979, ch 525, § 1; amended by Or Laws 1981, ch 897, § 1 and ch 898, § 19), a prevailing plaintiff is entitled to attorney fees. If the claim herein were for damages to property and involved less than $3,000, the plaintiff would not be entitled to attorney fees under ORS 20.080 when the award was filed and judgment entered thereon. The right to attorney fees was waived when the arbitration agreement was signed. The presence of the rights and remedies provision should not change this result.