MORRISON-KNUDSEN COMPANY, INC., a Delaware corporation, Plaintiff-Appellant, *v.* THE MAKAHUENA CORPORATION, LEONARD H. ZALOPANY, ALMA ZALOPANY, LEONARD H. ZALOPANY, JR., as Trustee of the Zalopany Children and Grandchildren Trust, Defendants-Appellees, and FIRST HAWAIIAN BANK, Defendant

NO. 9649

(CIVIL NO. 2483)

OCTOBER 17, 1984

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

Plaintiff Morrison-Knudsen Company, Inc. (Morrison-Knudsen), the general contractor, appeals on the ground that the attorneys' fees, costs, and expenses awarded by the lower court to defendants The Makahuena Corporation (Makahuena) and Leonard Zalopany, Jr., as trustee, Leonard H. Zalopany, and Alma Zalopany

(Zalopanys) are unauthorized and excessive. We reverse (1) the award of attorneys' fees and the challenged costs and expenses generated in the arbitration proceeding and First Circuit Court Special Proceeding No. 5511 (S. P. No. 5511), the confirmation proceeding; (2) the trebling of the attorneys' fees generated in this case (Civil No. 2483) and in Fifth Circuit Mechanic's Lien (M. L.) Nos. 106 and 112; and (3) the award of fees under Hawaii Revised Statutes (HRS) § 607-14 (1976).

By contract[1] dated June 14, 1979 (construction contract), Morrison-Knudsen agreed to construct for Makahuena "The Makahuena" condominium apartment building on Kauai. By stipulation and order filed on May 11, 1981, in M. L. No. 112[2] a mechanic's lien in favor of Morrison-Knudsen attached against specified apartments (of which 28 were unsold and 12 had been sold to Leonard H. and Alma Zalopany). On May 29, 1981, Morrison-Knudsen filed its complaint in this case (Civil No. 2483) to foreclose the lien.

The construction contract required Morrison-Knudsen and Makahuena to arbitrate their dispute. On August 14, 1981 Morrison-Knudsen, Makahuena, and Team-Pacific, Inc. (Team Pacific), the architect, agreed in writing to arbitrate their dispute. By stipulation and order filed on February 1, 1982, the foreclosure case was stayed as required by HRS § 658-5 (1976). On July 30, 1982 arbitrator Masato Doi issued his decision and award which required Morrison-Knudsen to pay $3,412,628 to Makahuena subject to a possible credit of $83,886 and Team Pacific to pay $415,699 to Makahuena. This award was confirmed in S. P. No. 5511 and affirmed in *Morrison-Knudsen Co., Inc. v. Makahuena Corp.*, 66 Haw. 663, 675 P.2d 760 (1983).

On August 13, 1982 the lower court entered an order terminating the lien. Morrison-Knudsen appealed the order (Appeal No. 8990) but subsequently withdrew the appeal. However, upon mo-

---

[1] The form of the contract was the January 1974 Edition of "AIA Document A111 Standard Form of Agreement Between Owner and Contractor," where the basis of payment is the cost of the work plus a fee and the August 1976 edition of "AIA Document A201 General Conditions of the Contract for Construction."

[2] Morrison-Knudsen's earlier application for a lien in M. L. No. 106 was dismissed without prejudice on January 23, 1981.

tion by Makahuena and the Zalopanys, the supreme court found that the aborted appeal was frivolous and ordered the lower court to award reasonable costs and fees to them.

On October 25, 1983 the lower court awarded Makahuena and the Zalopanys the following relief:

1. Awarded them summary judgment dismissing Morrison-Knudsen's complaint.

2. Ordered Morrison-Knudsen to pay them attorneys' fees of $4,000 and costs of $41.50 in Appeal No. 8990.

3. Ordered Morrison-Knudsen to pay them attorneys' fees totalling $1,693,685.90, computed as follows:

| $ | 25,222.60 | M. L. Nos. 106 & 112 and Civil No. 2483 |
|---|---|---|
| | 508,197.04 | Arbitration and S. P. No. 5511 |
| $ | 533,419.64 | Total fees based on time spent |
| | x 3 | |
| $1,600,258.90 | | Trebled fees |
| | 93,427.00 | Fees under HRS § 607-14 |
| $1,693,685.90 | | TOTAL |

4. Ordered Morrison-Knudsen to pay them costs and expenses totalling $273,674 computed as follows:

| $ | 700.75 | M. L. No. 106 |
|---|---|---|
| | 1,167.51 | M. L. No. 112 |
| | 60.00 | Civil No. 2483 |
| | 41.50 | Appeal No. 8990 |
| | 271,704.24 | Arbitration and S. P. No. 5511 |
| $ | 273,674.00 | TOTAL |

## I.

Morrison-Knudsen contends that the lower court erred in awarding any attorneys' fees generated in the arbitration and confirmation (S. P. No. 5511) proceedings. We agree.

Attorney's fees may not be awarded absent statute, agreement,

stipulation, or precedent authorizing the allowance thereof. *Smothers v. Renander,* 2 Haw. App. 400, 633 P.2d 556 (1981).

### A.

Neither the August 14, 1981 Arbitration Agreement nor HRS chapter 658, *Arbitration and Awards,* authorizes the award of attorney's fees.

### B.

Makahuena and the Zalopanys contend that attorneys' fees are authorized under HRS § 507-47 (1976) which in relevant part provides:

Demand; enforcement; foreclosure; other attachment. After demand and refusal of the amount due or upon neglect to pay same upon demand, the lien may be enforced by action filed in the circuit court of the circuit in which the property is situated. * * * The complaint, in addition to setting forth a claim in the nature of assumpsit, may pray for the foreclosure of the lien as to which notice has been filed and may pray for any incidental relief according to the usual practice of courts of equity and according to this section in enlargement thereof. * * *

The court having jurisdiction of the action to foreclose the lien shall have all of the powers pertaining to courts of equity, and in addition may direct the issuance of a writ of attachment or execution upon the motion of any party against the property of any other party[.] * * * In addition to costs of the action the court may allow any fee or fees for legal services rendered by the attorneys for any of the parties, and apportion the same as costs for payment by and between the parties or any of them, all as to the court seems equitable in the light of the services performed and the benefits derived therefrom by the parties respectively.

As indicated in HRS § 507-47, the usual lien foreclosure action combines a breach of contract or assumpsit claim with the lien foreclosure claim. Here, although Civil No. 2483 commenced as a standard lien foreclosure action, the assumpsit claim was not de-

cided in Civil No. 2483. It was decided in an arbitration proceeding and the arbitrator's award was confirmed as a judgment in S. P. No. 5511. Civil No. 2483 merely enforced the judgment that had previously been rendered in S. P. No. 5511.

The assumpsit dispute was resolved pursuant to the construction contract, the arbitration agreement, and HRS chapter 658 (arbitration and awards) and not HRS § 507-47. Consequently, HRS § 507-47 does not authorize the award of attorneys' fees generated in the arbitration proceedings or in obtaining a judgment confirming the arbitrator's award.[3] *Floors, Inc. v. B. G. Danis of New England, Inc.*, 380 Mass. 91, 401 N.E.2d 839 (1980). *See also Oakdale Park, Ltd. v. Byrd,* 346 So.2d 648 (Fla. App. 1977); *Beach Resorts International, Inc. v. Clarmac Marine Const. Co.,* 339 So.2d 689 (Fla. App. 1976).

Nevertheless, Makahuena and the Zalopanys urge us to adopt the rationale and holding in *Harris v. Dyer,* 292 Or. 233, 637 P.2d 918 (1981), that by the reservation of rights and remedies clause in the construction contract, the parties intended to retain the right to recover in the lien foreclosure case attorneys' fees generated in the arbitration. However, the Zalopanys were not parties to the contract. Moreover, we disagree with *Harris.*

Paragraph 7.6.1 of the General Conditions of the June 14, 1979 construction contract provides:

> The duties and obligations imposed by the Contract Documents and the rights and remedies available thereunder shall be in addition to and not a limitation of any duties, obligations, rights and remedies otherwise imposed or available by law.

We agree that the construction contract and the arbitration agreement did not take away any rights the parties had under HRS § 507-47. However, the parties never had the right under HRS § 507-47 to recover attorneys' fees generated in arbitration pro-

---

[3] In *Tropic Builders v. Naval Amm. Depot,* 48 Haw. 306, 402 P.2d 440 (1965), our supreme court held that the prevailing party in an action to foreclose a mechanic's lien could be awarded attorneys' fees only under the assumpsit statute and not under the mechanic's lien statute because the lessee of the premises was not served and the lien could not be foreclosed. Counsel for the lienor in *Tropic Builders* is counsel for the lienor in this case.

ceedings. The fact that a non-existent right was not taken away did not result in the existence of that right.

### C.

Makahuena and the Zalopanys claim that attorneys' fees are authorized under paragraph 6.2.3 of the General Conditions of the June 14, 1979 construction contract which provides as follows: "Any costs caused by defective or ill-timed work shall be borne by the party responsible therefor." In other words, Makahuena and the Zalopanys want to use the construction contract as the basis for awarding in the lien foreclosure case attorneys' fees generated in the arbitration case. We find no merit in this claim.

First, the Zalopanys were not parties to the construction contract or the arbitration agreement.

Second, we will not decide whether based on the construction contract or otherwise the arbitrator or the court in S. P. No. 5511 could have awarded to Makahuena the attorneys' fees it generated in the arbitration action because they were not asked to do so and did not.

Third, paragraph 1.C. of the Arbitration Agreement states in relevant part: "The parties agree to present at the arbitration all claims of which they have knowledge ... as of the date of commencement of the arbitration[.]" As of that date, the parties should have known that they would generate attorneys' fees in the arbitration case. Thus, the Arbitration Agreement required Makahuena "to present at the arbitration" its claim for attorneys' fees generated in the arbitration case and it may not present that claim in the lien foreclosure action.

### D.

Makahuena and the Zalopanys contend that attorneys' fees are authorized under HRS § 607-14 which in relevant part provides:

Attorneys' fees in actions in the nature of assumpsit. In all the courts, in all actions in the nature of assumpsit there shall be taxed as attorneys' fees, in addition to the attorneys' fees otherwise taxable by law, to be paid by the losing party and to be included in the sum for which execution may issue, a fee which the court determines to be reasonable but which shall not ex-

ceed the amount obtainable under the following schedule: * * *

This case (Civil No. 2483) is an action to collect on a judgment filed in S. P. No. 5511 by foreclosing a mechanic's and materialman's lien. It is not an action in the nature of assumpsit and HRS § 607-14 is inapplicable.

E.

Makahuena and the Zalopanys contend that attorneys' fees are authorized under the rule stated in *Glover v. L. K. Fong*, 42 Haw. 560, 565 (1958), "which allows the inclusion of counsel fee in the measure of damages where the facts are such as to authorize an award of punitive damages." We disagree. The rule in *Glover* is inapplicable. The lower court awarded the attorneys' fees in question as costs in a lien foreclosure case, not as damages in an action for damages.

Moreover, in paragraph I.C. of his decision, the arbitrator stated in relevant part:

The OWNER asks to be awarded $3,061,400 as punitive damages against the CONTRACTOR for intentional breaches, fraud and misrepresentation. * * * But punitive damages will not be considered in this arbitration[.]

The Arbitrator may or may not have jurisdiction to award punitive damages. * * *

However, the Arbitrator rules out the claim for punitive damages from consideration on the ground that it is not a claim properly before him.

The "Arbitration Claims" of the OWNER dated July 1, 1981, do not contain such a claim, nor does it give any hint that punitive damages were being demanded. Nor was such a claim made prior to the commencement of the hearings, as should have been done under the Arbitration Agreement of the parties. The claim is raised after the hearings are over.

II.

Morrison-Knudsen contends that the lower court erred in trebling the attorneys' fees computed by application of the hours

spent times the hourly rate formula. We agree.

In the lower court, Makahuena and the Zalopanys justified the trebling as follows:

> In making awards of "reasonable" attorneys' fees, a number of courts have multiplied the number of hours worked times reasonable billing rates and then increased the resulting figure (i.e., the "lodestar" sum) by a "multiplier" for various contingency and quality factors.

Record, Vol. 2, 453.

The fee arrangement between Makahuena and its attorneys was as follows:

> Makahuena . . . agreed to compensate Mr. Sattler and the attorneys working for or with him for professional services rendered at their regular hourly rates of compensation, including any adjustments made in those rates from time to time. [Makahuena] also agreed to reimburse Mr. Sattler for any out-of-pocket expenses incurred in rendering legal services to it and to pay Hawaii excise tax on the amount of the services rendered. [Makahuena] agreed to pay all such expenses and fees within 30 days of the billing date.

Under that arrangement, Makahuena owed attorneys' fees totalling $537,419.64.[4] At oral argument counsel for Makahuena and the Zalopanys conceded that counsel would be paid $537,419.64 and any excess awarded would not be paid to counsel.[5] Thus, the excess amounts awarded cannot legitimately be characterized as attorneys' fees. Obviously, those amounts are really damages awarded under a false label and without authority. In our view, when awarding attorneys' fees in favor of prevailing parties, it is generally an abuse of discretion to award more than the prevailing parties agree to pay their attorneys for the particular services involved. This case is no exception.

---

[4]

| $ 25,222.60 | M. L. Nos. 106 & 112 and Civil No. 2483 |
|---|---|
| 508,197.04 | Arbitration and S. P. No. 5511 |
| 4,000.00 | Appeal No. 8990 |
| $537,419.64 | TOTAL |

[5] As noted in *Tropic Builders v. Naval Amm. Depot, supra,* attorneys' fees "are taxable as part of the recovery by the litigant, rather than in the name of his attorney." 48 Haw. at 328, 402 P.2d at 453.

## III.

Morrison-Knudsen contends that of the total $271,704.24 costs and expenses incurred in the arbitration proceeding and S. P. No. 5511 awarded by the lower court, the following costs and expenses should not have been allowed:

| | |
|---|---|
| $126,152.73 | Expert fees |
| 774.73 | Depositions of witnesses who did not testify |
| 33,632.05 | Transcripts |
| 35,653.91 | Arbitrator |
| 3,946.01 | Office expenses |
| 7,835.07 | Air transportation |
| 4,738.78 | Hotel |
| 2,179.57 | Auto expenses |
| $214,912.85 | TOTAL |

We agree. What we have said, *supra*, concerning attorneys' fees applies to costs except that at least some of the costs could have been awarded under paragraph 7 of the August 14, 1981 Arbitration Agreement, which states in relevant part:

> *Payment of Reporter and Arbitrator Fees.* The parties agree that the arbitration hearing shall be recorded *verbatim* by a court reporter selected by the arbitrator. The costs of the recordation shall be divided and paid equally among Architect, Owner, and Contractor; provided that each party shall pay the full cost of ordering its own copy of the transcript. The fees of the Arbitrator shall be equally divided and paid by the Owner, Architect, and Contractor; provided that the Arbitrator shall have the right in his discretion at the end of the hearing to impose more or less of the costs and the fees on any particular party or parties.

Record 657. However, neither the arbitrator nor the judge in S. P. No. 5511 was asked to and neither changed paragraph 7's allocation of costs.

## IV.

Accordingly, the award of attorneys' fees generated in the arbitration proceeding and S. P. No. 5511 is reversed. The trebling of the attorneys' fees generated in M. L. Nos. 106 and 112, and Civil No. 2483 is reversed. The award of $93,427.00 attorneys' fees under HRS § 607-14 is reversed. The award of the total $214,912.85 costs and expenses generated in the arbitration proceeding that were challenged in this appeal is reversed. Thus, the awardable fees are:

| $25,222.60 | M. L. Nos. 106 and 112 and Civil No. 2483 |
|---|---|
| 4,000.00 | Appeal No. 8990 |
| $29,222.60 | TOTAL |

The awardable costs are:

| $ 700.75 | M. L. No. 106 |
|---|---|
| 1,167.51 | M. L. No. 112 |
| 60.00 | Civil No. 2483 |
| 41.50 | Appeal No. 8990 |
| 56,791.39 | Arbitration and S. P. No. 5511 |
| $58,761.15 | TOTAL |

On remand the lower court shall amend its judgment accordingly.

*Emma A. Concepcion (Howard K. Hoddick* and *Gilbert D. Butson* with her on the briefs; *Hoddick, Reinwald, O'Connor & Marrack* of counsel) for plaintiff-appellant.

*James M. Sattler (Robert G. Jones* with him on the brief) for defendants-appellees.