Ralph S. BUCKMINSTER

v.

ACADIA VILLAGE RESORT, INC.

Supreme Judicial Court of Maine.

Argued Sept. 18, 1989.
Decided Oct. 23, 1989.

Roger G. Innes, (orally), Hale & Hamlin, Ellsworth, for plaintiff.

Michael L. Ross (orally), Walker & Ross, Ellsworth, for defendant.

Before McKUSICK, C.J., and
ROBERTS, WATHEN, GLASSMAN,
CLIFFORD, HORNBY and COLLINS,
JJ.

WATHEN, Justice.

Plaintiff architect Ralph Buckminster appeals from that portion of an order of the Superior Court (Hancock County; *Browne, A.R.J.*) requiring him to discharge two mechanic's liens filed in the Hancock County Registry of Deeds against defendant, Acadia Village Resort, Inc. Plaintiff contends that his statutory right to a mechanic's lien was not waived by the general arbitration clause in his contract with the defendant. We agree and vacate the order.

Plaintiff and defendant entered into a "Standard Form of Agreement Between Owner and Architect" whereby plaintiff was to design and supervise construction of time share, multi-family housing units on property owned by defendant. The contract included a general arbitration clause that states in relevant part as follows:

> *9.1* All claims, disputes and other matters in question between the parties to this Agreement, arising out of or relating to this Agreement or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise.

Defendant later terminated the services of plaintiff pursuant to the terms of the agreement.[1] Upon termination, a dispute arose concerning the final amount due plaintiff under the contract. Plaintiff filed notice of two mechanic's lien claims against defendant, and subsequently filed a civil action to preserve the liens pursuant to Maine's Mechanic's Lien statute. *See* 10 M.R.S.A. § 3255 (1980 & Supp.1988) (requiring that suit be filed to enforce the lien within 120 days after the last day that labor or services are performed).

Defendant responded by obtaining ex parte a temporary restraining order staying the civil action and requiring plaintiff to submit to arbitration and to discharge the mechanic's liens. Plaintiff subsequently filed a motion to vacate that order, arguing that the order improperly terminated his statutory right to a mechanic's lien. Defendant opposed plaintiff's motion, arguing that by including a general arbitration clause in the agreement, plaintiff waived his statutory right to a mechanic's lien. The Superior Court entered an order continuing the terms of the temporary restraining order. Plaintiff challenges only that portion of the order requiring him to discharge his liens.

Initially, defendant contends that plaintiff's appeal is barred by the final judgment rule. Defendant's argument is that the central issue in the case is the dispute regarding the amount due under the contract and not the dissolution of the mechanic's liens, and that no purpose pertinent to the dispute between the parties will be served by allowing plaintiff's appeal. *See* 2 Field, McKusick & Wroth, *Maine Civil Practice* § 73.1 at 156 (2d ed. 1970) (there is a strong policy in Maine insisting that only "final" judgments are ripe for appellate review). *See also, e.g., In re Erica B.,* 520 A.2d 342, 343–44 (Me.1987) (appeal is final when trial court's action fully decides matter and no subsequent proceedings in the case will render appellate court's decision immaterial).

Contrary to defendant's contention, the primary reason plaintiff commenced suit was to preserve his mechanic's liens. In arguing his motion to vacate the temporary restraining order, plaintiff explained that his purpose in filing the complaint was twofold: he wanted to preserve his liens and by so doing to initiate the judicial action necessary to confirm the arbitration award. 14 M.R.S.A. § 5937 (1980) (Uniform Arbitration Act section providing for

---

1. Article 10 provides that "[t]his Agreement may be terminated by either party upon seven days' written notice should the other party fail substantially to perform in accordance with its terms through no fault of the party initiating the termination."

the confirmation of an arbitration award). Plaintiff correctly pointed out that in order to preserve his mechanic's liens he was required to file suit within 120 days of the last date materials or services were supplied. *See* 10 M.R.S.A. § 3255 (1980 & Supp.1988). Further, plaintiff explained that once his liens were dissolved they could not be revived. *See Marshall v. Mathieu,* 143 Me. 167, 170, 57 A.2d 400, 401 (1948).

■ While the general rule is that appeal may be taken only from final judgments, this Court has held in an analogous line of cases that orders dissolving or denying attachment and trustee process are appealable. *See, e.g., Fern Constr. Co. v. Binnall,* 443 A.2d 67, 69 (Me.1982) (although not a final judgment, portion of order discharging trustee was appealable); *Foisy v. Bishop,* 232 A.2d 797, 798 (Me.1967). The theory behind these decisions is that because "great and irreparable loss could result from depriving the ultimately successful plaintiff of his security," plaintiffs should be entitled to take an appeal. 2 Field, McKusick & Wroth, *supra,* § 73.2 at 435 (2d ed. Supp.1981). In this case, if the order below is permitted to stand plaintiff will lose his status as a secured creditor. Consistent with our reasoning in the attachment cases, we hold that plaintiff's appeal falls within the exception to the final judgment rule.

■ Turning to the merits, the issue presented on appeal is whether a general arbitration clause operates as a waiver of plaintiff's statutory right to a mechanic's lien. While there is no Maine law directly on point, this precise issue has been decided in other jurisdictions, and those cases support plaintiff's position. *See generally* Annotation, *Demand for or Submission to Arbitration as Affecting Enforcement of Mechanic's Lien,* 73 A.L.R.3d 1042 (1976), and cases cited therein. Other courts have held that the right to arbitrate does not enable the person exercising it "to vacate a notice of mechanic's lien and require the claimant to proceed only through arbitration." *Id.* at 1045. In *Harris v. Dyer,* 50 Or.App. 223, 623 P.2d 662 (1981), the Oregon Court of Appeals explained the rationale behind the rule, stating that there is a difference "between the *right to secure payment* of amounts claimed and the *obligation to resolve any dispute* as to the amounts claimed in a particular manner." *Id.* 623 P.2d at 665 (emphasis in original). *See also Pine Gravel, Inc. v. Cianchette,* 128 N.H. 460, 514 A.2d 1282, 1285 (1986) (explaining that there is a difference between the duty to arbitrate under a general arbitration clause and the right to protect a mechanic's lien).

The leading case is *Mills v. Robert W. Gottfried, Inc.,* 272 So.2d 837 (Fla.Dist.Ct. App.1973). There, the plaintiff contractor filed a civil complaint to preserve his mechanics' lien pursuant to Florida's Mechanics' Lien statute. *Id.* at 838. *See also Fla.Stat.* § 713.08(5), .22 (1987) (requiring foreclosure suit to be filed no later than 90 days after claim of lien has been recorded). The defendant filed a motion to dismiss the claim, arguing among other things that the general arbitration clause contained in the agreement between the parties effectively precluded the civil suit, and that the matter should be submitted to arbitration. *Id. See also Fla.Stat.* § 682.01–.22 (1987) (Uniform Arbitration Act). In remanding the case to the trial court, the *Mills* court resolved the issue as follows:

[A]n application may be made to the trial court in accordance with Section 682.-03(2), F.S.1971, F.S.A., for an order for arbitration. Normally such an application should be granted. The order for arbitration should stay the judicial proceedings pending a determination of the controversy submitted to arbitration (see Section 682.03(3)). Once the arbitration is completed, the trial court may on motion of either party dissolve the stay order and proceed to confirm, vacate, or modify the award in accordance with Section 682.12–682.14, F.S.1971, F.S.A., and to enter a judgment in accordance with Section 682.15, F.S.1971, F.S.A. *Contemporaneously therewith, the court may adjudicate the right of the plaintiff to a mechanic's lien for the purpose*

*of enforcing such judgment as plaintiff may obtain.*

*Id.* at 838–9 (emphasis added).

In reaching its decision, the *Mills* court specifically held that a general arbitration clause does *not* "relinquish the contractor's right to the judicial enforcement of a mechanic's lien for amounts found due under the contract." *Id.* at 839. The contract provision at issue in *Mills* was virtually identical to that at issue in this case. *See Id.* at 838. The court concluded that "although the plaintiff may be required to arbitrate the issue of its entitlement to final payment and the amount thereof because of the arbitration agreement, the plaintiff still retains the right to enforce the amount ultimately determined to be due by means of a mechanic's lien, if plaintiff is otherwise entitled to such a lien." *Id.* at 839.

We hold that the general arbitration clause presented in this case does not operate as a waiver of plaintiff's statutory right to a mechanic's lien.

The entry is:

That portion of the Superior Court's order requiring plaintiff to discharge his mechanic's liens is vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.