Argued and submitted March 15, reversed and remanded for reconsideration of attorney fees November 17, 1993

ASB CONSTRUCTION,
*Appellant,*

*v.*

Randall BATEMAN,
Ted Bateman, and Joe Bateman,
dba Intermountain Investments,
*Respondents,*

*and*

U.S. NATIONAL BANK OF OREGON,
a National Banking Association,
*Defendant.*

(9106-03509; CA A74292 (Control), A75270)
(Cases Consolidated)

863 P2d 516

Thomas W. Brown argued the cause for appellant. With him on the briefs was Cosgrave, Vergeer & Kester.

James H. Clarke argued the cause for respondents. With him on the brief was Lane Powell Spears Lubersky.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

**LANDAU, J.**

This is a consolidated appeal arising from plaintiff's action to foreclose a construction lien. The main issue is whether plaintiff is entitled to recover additional attorney fees for the arbitration of contract claims that formed the basis of the lien.

Plaintiff, a building contractor, agreed to provide certain construction work for defendants.[1] The agreement between plaintiff and defendants provided for arbitration of their contractual disputes. It also provided that the duties described "shall be in addition to and not a limitation of duties, obligations, rights and remedies otherwise imposed or available at law." The contract did not mention attorney fees. During the course of plaintiff's construction work, a dispute arose between the parties over the work. Plaintiff filed a construction lien and gave the proper notice. Defendants demanded arbitration. Plaintiff then filed this action to foreclose its lien and to recover costs and attorney fees. The parties then stipulated to abatement of that action pending arbitration.

The arbitrator awarded plaintiff $193,879 and provided that "the parties shall each pay their own costs and attorneys' fees." Defendants were to pay $128,879 immediately and the balance when plaintiff had satisfied the liens of various subcontractors. About a month later, defendants paid plaintiff $128,879, and the parties stipulated to an order rescinding abatement of the foreclosure action. Defendants then filed their answer, affirmative defenses and counterclaims to plaintiff's remaining claim in the foreclosure action for the balance of the arbitration award.

Plaintiff moved for summary judgment foreclosing its lien, and it submitted a cost bill that included $54,159.95 for attorney fees, including fees related to the arbitration. Defendants cross-moved for summary judgment on the grounds that they had paid all that was due at that time, and

---

[1] Defendant U.S. National Bank of Oregon is not a party to this appeal. When we refer to "defendants," we mean the partnership, Intermountain Investments, and its partners.

no additional amount was owed until plaintiff paid the subcontractors' liens and that plaintiff was not entitled to attorney fees for the arbitration. Plaintiff subsequently satisfied the subcontractors' liens and attached evidence of that to its responsive memorandum. The court granted summary judgment to plaintiff in the amount of $46,991 plus interest, denied defendant's cross-motion and left costs and attorney fees for later determination.

Defendants tendered $47,860, the principal amount due plus interest, as "final payment under the Arbitration Award." Plaintiff refused that tender, because the amount did not include payment of any attorney fees. Plaintiff then filed a motion for costs and attorney fees. It argued that it was entitled to fees for the arbitration under *Harris v. Dyer*, 292 Or 233, 637 P2d 918 (1981). According to plaintiff, in *Harris*, the court held that the plaintiff in a foreclosure action may recover attorney fees for an arbitration of the underlying dispute if attorney fees are allowed by the contract at issue. Plaintiff argued that it was entitled to attorney fees in this action, because its construction contract with defendants contained a reservation of rights provision identical to the one found in *Harris* to permit the collection of attorney fees. Defendants disagreed.

At the hearing on plaintiff's motion, the trial judge said:

"THE COURT: Basically, the only thing that distinguishes this case from [*Harris v.*] *Dyer* is that the arbitrator expressly denied attorney fees. * * * I tend to agree * * * that *Harris* is on point, but I think that it's a very ill-considered decision. The realities of the marketplace just cannot permit this kind of thing. * * * And it totally destroys the whole concept which has been common practice in the construction industry for a number of years. * * * Well, I am going to do this—let me—one further look. Where is the [arbitration award]? * * * I thought it expressly—it doesn't expressly deny the attorney's fees, does it? * * * I'm going to allow $2500 for attorney's fees.

"[PLAINTIFF'S COUNSEL]: 2500?

"THE COURT: Right.

"[PLAINTIFF'S COUNSEL]: And is that ruling based upon the fact that Your Honor doesn't feel that [plaintiff is] entitled to—

"THE COURT: Attorney's fees for the arbitration.

"[PLAINTIFF'S COUNSEL]: Attorney's fees in the arbitration award?

"THE COURT: Right. And that's what I think is a reasonable fee, considering—I am taking into account not just the time, but I am taking into account that basically there's no indication throughout this proceeding that the contractor wasn't going to be paid, and those are the only reasonable costs that I think should be required—that the other parties should be required to pay.

"* * * * *

"[C]onsidering the result and what was in controversy here, I think, basically, all of this effort has been directed at trying to recover the fees for the arbitration proceeding, and I am not saying that's an illegitimate effort, but I don't think that that's what the fees that you've in—that's what the fees that you've incurred appear to be primarily.

"It seems to me $2500 should be more—would be more than sufficient for—to handle this lien in the ordinary course of business, where the other side had satisfied its obligations in a timely manner throughout." (Emphasis supplied.)

After a hearing, the court entered a supplemental money judgment awarding plaintiff $2,500 for attorney fees and $487 for costs. *See* ORCP 68C(5)(b). Defendants then tendered payment of both judgments, but plaintiff again refused to accept it. Defendants then tendered the full amount to the trial court. The court entered an amended order disbursing the funds and satisfying the judgments. Plaintiff appeals from the supplemental judgment awarding attorney fees and costs.

■  Plaintiff first assigns error to the trial court's refusal to award any attorney fees for the arbitration. It argues that this case is squarely controlled by *Harris*, and that the trial court erred in ignoring that case. We review the question of entitlement to attorney fees as a question of law. *Pelett v. Welch*, 71 Or App 761, 763-64, 694 P2d 574 (1985).

In *Harris*, the Supreme Court considered whether *former* ORS 87.060(4)[2] permitted a party to a foreclosure

---

[2] That statute has since been amended and renumbered as ORS 87.060(5). Or Laws 1983, ch 517, § 2. The parties do not argue, and we do not decide, whether the changes were intended to modify the law announced in *Harris*.

action to recover attorney fees for an arbitration of the underlying contract dispute. The court held that the statute permitted the recovery of attorney fees on such an arbitration as part of the costs of the foreclosure action, as long as the contract requiring arbitration reserved that right. *Harris v. Dyer, supra,* 292 Or at 236-37. The contract in that case provided that the rights and remedies in the contract were

"in addition to and not a limitation of any duties, obligations, rights and remedies otherwise imposed or available by law." 292 Or at 238.

The court interpreted that clause to mean that the parties reserved their rights to collect reasonable attorney fees under any relevant statutes, despite the agreement to arbitrate. It concluded that *former* ORS 87.060(4) allowed recovery of attorney fees for the foreclosure action,

"determined to include those fees 'reasonable' for the arbitration proceeding but not exceeding what would be 'reasonable' if all issues had been litigated in the foreclosure proceeding." 292 Or at 238.

Plaintiff argues that the trial court should have applied *Harris* and awarded attorney fees for the arbitration. We agree. The reservation of rights clause in this case provides that duties, obligations, rights and remedies under the agreement

"shall be in addition to and not a limitation of duties, obligations, rights and remedies otherwise imposed or available by law."

That clause is identical to the one the court found in *Harris* to reserve the right to an award of fees under the lien foreclosure statute.

■ Defendants argue that *Harris* does not apply, notwithstanding that the reservation of rights clauses there and here are identical. According to defendants, because plaintiff failed to take exception to the arbitrator's ruling that the parties were to bear their own costs and attorney fees, plaintiffs cannot obtain fees in the foreclosure action. We do not agree. The authority on which defendants rely does not support their argument. ORS 36.355(1) provides that "the party against whom an [arbitration] award was made" may take exception to an arbitrator's decision. Plaintiff was not

the party against whom the arbitrator's award was made. Defendants were. Moreover, the statute provides that exceptions need not be taken on "a matter not affecting the merits of the decision upon the matters submitted." ORS 36.355(1)(f). Neither party submitted to the arbitrator the matter of plaintiff's entitlement to attorney fees.

■ Defendants also argue that *Harris* does not apply because plaintiff improperly brought the foreclosure in the first place. That issue is not properly before us. The trial court entered judgment on the merits of the foreclosure action separately from its supplemental judgment awarding fees and costs, ORCP 68C(5)(b), and there is before us no appeal from that initial judgment.[3]

■ Although the trial court acknowledged that *Harris* is controlling, it explicitly stated that it was not awarding fees for the arbitration, and in its calculation of reasonable attorney fees, the court did not include any amounts for the arbitration. The stated assumption of the trial court's award was that the sole issue involved in the lien foreclosure proceeding was the collection of the amounts determined by the arbitrator to be due plaintiff. It reasoned that, because defendants had immediately paid a substantial portion of the arbitrator's award, and because plaintiff moved for summary judgment on the balance of the award before it was even due, $2,500 represented an adequate award for attorney fees.

The flaw in the trial court's reasoning is its assumption that, for the purposes of determining attorney fees, the only issue was the collection of amounts still owing from the arbitrator's award. Under *Harris*, the trial court also must address the reasonableness of the fees expended to obtain the arbitrator's award in the first place. As the Supreme Court explained, the trial court must award

> "those fees 'reasonable' for the arbitration proceeding but not exceeding what would be 'reasonable' if *all issues* had been litigated in the foreclosure proceeding." 292 Or at 239. (Emphasis supplied.)

---

[3] Defendants filed a notice of appeal from the earlier judgment, but later voluntarily dismissed that appeal.

The trial court failed to consider what would be reasonable had all issues — including those submitted to the arbitrator- — been litigated in the foreclosure proceeding. Therefore, we remand for reconsideration of the fee award under the standard required by *Harris.*

■    Plaintiff also assigns error to the trial court's order satisfying the first judgment, for $46,991 plus interest, "without requiring defendant[s] to pay the full amount of interest properly due." We address that assignment of error, because it will arise on remand. According to plaintiff, the trial court improperly assumed that interest stopped accruing when defendants tendered payment of the principal and interest due at the date of the tender. Plaintiff argues that interest should have continued to accrue until defendants paid the attorney fees as well. In support of its argument, plaintiff cites *Colby v. Larson,* 208 Or 121, 297 P2d 1073, 299 P2d 1076 (1956). That case, however, lends plaintiff no such support. In *Colby,* the court held only that, when a plaintiff delivers a written demand for payment under ORS 20.080, a defendant must tender the full amount of damages before commencement of the action, and no later, to avoid paying the plaintiff's costs and attorney fees. 208 Or at 127. The case says nothing about requiring a defendant to tender an amount sufficient to cover attorney fees in addition to the damages. Plaintiff offers no authority for its novel assertion, and we have found none.

Plaintiff lastly assigns error to the trial court's order satisfying the second judgment. Plaintiff argues that the trial court lacked authority to enter the order. Because of our disposition of plaintiff's other assignments of error, we need not address that argument.

Reversed and remanded for reconsideration of attorney fee award.